ROYAL HOMES, INC. *v.* DALENE HARDWOOD
FLOORING COMPANY, INC.

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued October 9, 1963—decided March 12, 1964

*Jacob H. Channin,* for the appellant (plaintiff).

*Edmund T. Curran,* with whom were *William R. Moller* and, on the brief, *J. Ronald Regnier* and *Robert F. Taylor,* for the appellee (defendant).

COMLEY, J.   In this action, the plaintiff seeks damages for injury to property caused by a fire in a dwelling house which it was building in East Windsor.   The complaint alleged that the fire occurred because of the defendant's negligence. The jury returned a verdict for the defendant, and from the judgment rendered thereon the plaintiff has appealed to this court, relying on certain claims of error in the charge to the jury.   In considering such claims, we must test the charge by the claims of proof advanced by the parties as those claims appear in the finding.   Practice Book, 1963, § 609; *Franks* v. *Lockwood,* 146 Conn. 273, 279, 150 A.2d 215.

It appears from the finding that the plaintiff made the following claims of proof.   The plaintiff was a builder engaged in the construction of private residences, and, on April 23, 1958, it was building a dwelling house on a lot owned by it in East Windsor.   In the previous November, it had entered into a contract with the defendant for the furnishing, installation, sanding and finishing of the floors. Prior to April 22, 1958, all of this work had been

completed, but, on that day, the floors were again sanded and finished as a result of a complaint made by the plaintiff to the defendant that this part of the work had not been properly done in the first instance. In the early hours of the morning of April 23, 1958, a fire started in the kitchen of the house, causing extensive damage. The plaintiff claimed to have proved that the fire was the result of spontaneous combustion in a box of sanding dust, a highly dangerous and inflammable substance, which was left in the kitchen by the defendant's employees.

The defendant offered evidence that sanding dust, which consists of the fine sawdust and the finish or sealer removed from floors, is not dangerous and cannot ignite by spontaneous combustion and that in any event the workmen who sanded and finished the floors were not its employees but were the employees of Ommund Pedersen, to whom the defendant had subcontracted this part of the work as an independent contractor. With reference to the effect of Pedersen's status, the plaintiff requested the court to charge the jury that the defendant could not escape responsibility by employing an independent contractor and that it would be liable whether the fire was caused by the negligence of its employees or by the negligence of Pedersen's employees. The court refused this request and charged, in substance, that if Pedersen were found to be an independent contractor, the defendant would not be liable for his negligence or the negligence of his employees unless the work, even though properly performed, was of such a nature as would obviously and naturally expose the plaintiff to probable injury. It is unnecessary for us to decide in this case whether the plaintiff's request to charge

was, as claimed by the defendant, too broad in extending liability for the acts of an independent contractor or whether the charge as given was, as claimed by the plaintiff, too narrow in limiting such liability. The verdict was a general verdict, and all issues were thus found in favor of the defendant. Under the answer, which consisted of simple denials, there were two defenses advanced by the defendant at the trial, the first being that the fire was not caused by negligence and the second being that, if it was so caused, the negligence was that of an independent contractor. These are distinct defenses. Under our modern rule of pleading, the defense of independent contractor should have been specially pleaded. Practice Book, 1963, § 120; *Franks* v. *Lockwood,* 146 Conn. 273, 279, 150 A.2d 215. Since evidence as to this issue came in without objection, the defect in pleading is deemed to have been waived. *Hanley Co.* v. *American Cement Co.,* 108 Conn. 469, 471, 143 A. 566. The fact that there were these two distinct defenses brought into operation the rule expressed in *Meglio* v. *Comeau,* 137 Conn. 551, 553, 79 A.2d 187: "The Connecticut rule may be stated as follows: If there is no error in the instructions as to one of two distinct defenses, a general verdict for the defendant should be sustained. . . . To qualify under this definition, the defenses must be distinct. That is the decisive test." If the defenses are clearly distinct, the fact that one has not been specially pleaded, though it should have been, will not prevent the application of the rule. *Knight Realty Co.* v. *Caserta,* 126 Conn. 162, 168, 10 A.2d 597; *Altieri* v. *Peattie Motors, Inc.,* 121 Conn. 316, 320, 185 A. 75; *Hasler* v. *T. H. Canty & Co.,* 138 Conn. 343, 346, 84 A.2d 577; *Hardy* v. *Weitzman,* 147 Conn. 727, 728, 162 A.2d 507.

The plaintiff seeks to avoid the curative effect of the general verdict by pointing to a claimed error in the branch of the charge dealing with the defendant's denial of negligence. As pointed out above, there was a sharp conflict in the testimony as to whether or not a box of sanding dust is subject to spontaneous combustion. In this connection, the plaintiff offered evidence to prove that it is the custom in the building trade to remove sanding dust from a house after the work has been finished, and it requested the court to charge the jury that such a custom or usage might be considered by them in determining whether the defendant was negligent. In its charge, the court made no reference to this subject.

In *Eamiello* v. *Piscitelli*, 133 Conn. 360, 368, 51 A.2d 912, this court had occasion to consider carefully the admissibility and the effect, when admitted, of evidence relating to custom and usage. It first quoted with approval the following language from *Simonds* v. *Baraboo*, 93 Wis. 40, 44, 67 N.W. 40: "At the foundation of the rule lies the idea that the act constituting the subject of the custom is one in respect to which the manner of doing it is not a matter of common knowledge. If this were lost sight of, and evidence allowed to prove the customary way of doing anything, however common, a rule which, restricted within reasonable limits, promotes the due administration of justice, would be quite likely to have the very opposite effect." This court then added in its own words: "Where the evidence in a case is such that the trier, applying to the facts proven the common knowledge and experience of men in general, has an adequate basis for determining whether the conduct in question is that of an ordinarily prudent person, the prac-

tice of other persons would serve no sufficient purpose to justify its admission, especially in a jury trial where it might create confusion as to the ultimate test to be applied."

We are dealing here, not with the admissibility of evidence, but with the effect which it might have had on the deliberations of the jury. The real issue between the parties was whether a cardboard box containing sanding dust was subject to spontaneous combustion when left standing in a vacant house. If it was, then it seems to us a matter of common knowledge based on common sense that it should not be so left. Any custom or usage to the contrary would be absurd. We are not here dealing with a complicated problem whose difficulties are not within the range of common knowledge. *Dibble* v. *New York, N.H. & H.R. Co.*, 100 Conn. 130, 140, 123 A. 124; *Wray* v. *Fairfield Amusement Co.*, 126 Conn. 221, 224, 10 A.2d 600; *Hunyadi* v. *Stratfield Hotel, Inc.*, 143 Conn. 77, 83, 119 A.2d 321.

Although the evidence was admitted, we do not feel that the plaintiff was entitled to have the jury specially instructed that they should consider it in connection with the issue of the defendant's negligence.

There is no error.

In this opinion the other judges concurred.