VICKI S. CURRY *v.* J. WILLIAM BURNS, COMMISSIONER OF TRANSPORTATION (9488)

NORCOTT, FOTI and FREEDMAN, Js.

Argued February 11—decision released April 28, 1992

*James H. Lee,* for the appellant (plaintiff).

*Raymond J. Plouffe, Jr.,* for the appellee (defendant).

Foti, J. This appeal concerns an action brought under General Statutes § 13a-144[1] by the plaintiff, Vicki S. Curry, against the defendant commissioner of transportation, J. William Burns, for injuries she sustained in a motor vehicle accident allegedly caused by a defective highway. The case was tried to a jury which returned a general verdict in favor of the defendant. The plaintiff filed a motion to set aside the verdict. The trial court denied the motion and rendered judgment for the defendant. The plaintiff alleges that the trial court acted improperly with regard to the issue of notice in that it (1) quashed two subpoenas, (2) redacted the statutory notice, and (3) failed to instruct the jury as requested. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. On March 14, 1984, at about 5:30 a.m., the plaintiff was operating a tractor trailer eastbound in the center lane of Interstate 95 between exits four and five in Greenwich when her vehicle hit a pothole. The plaintiff's vehicle collided with an automobile attempting to pass her on the left and as a result of the collision, sustained personal injuries.

In her complaint, the plaintiff alleges that her injuries were caused by a breach of the defendant's statutory duty under General Statutes § 13a-144. The

---

[1] General Statutes § 13a-144 provides in pertinent part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair, or by reason of the lack of any railing or fence on the side of such bridge or part of such road which may be raised above the adjoining ground so as to be unsafe for travel or, in the case of the death of any person by reason of any such neglect or default, the executor or administrator of such person, may bring a civil action to recover damages sustained thereby against the commissioner in the superior court. No such action shall be brought except within two years from the date of such injury, *nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner.*" (Emphasis added.)

plaintiff further alleges that "written notice of the plaintiff's injury and a general description of the same and of the cause thereof and of the time and place of its occurrence was given to the defendant on May 23, 1984." A redacted version of the notice given to the defendant included the date, time and general location of the accident as well as the specific injuries sustained by the plaintiff.[2] The defendant denied that he breached his statutory duty, and that written notice had been given.

The defendant asks this court to affirm the judgment of the trial court as rendered, or on the alternative ground that the trial court should have directed a verdict in its favor because the plaintiff's statutory notice was defective as a matter of law. Giving statutory written notice is a condition precedent to maintaining an action under General Statutes § 13a-144. *Ozmun* v. *Burns,* 18 Conn. App. 677, 680, 559 A.2d 1143 (1989). Because a general verdict was returned in this case, we need not address the plaintiff's claims because any error by the trial court would be considered harmless.[3]

---

[2] The notice was redacted by the court to delete matters not in evidence, matters requiring expert testimony where none was offered, and matters that were immaterial.

[3] "The so-called general verdict rule provides that, if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party. *Stone* v. *Bastarache,* 188 Conn. 201, 204, 449 A.2d 142 (1982); *Collucci* v. *Pinette,* 185 Conn. 483, 489, 441 A.2d 574 (1981). The rule applies whenever a verdict for one party could reasonably be rendered on one or more distinct causes of action; see *Matthews* v. *F.M.C. Corporation,* 190 Conn. 700, 706, 462 A.2d 376 (1983); or distinct defenses. See *Royal Homes, Inc.* v. *Dalene Hardwood Flooring Co.,* 151 Conn. 463, 466, 199 A.2d 698 (1964). A party desiring to avoid the effects of the general verdict rule may elicit the specific grounds for the verdict by submitting interrogatories to the jury. Alternatively, if the action is in separate counts, a party may seek separate verdicts on each of the counts. *Ziman* v. *Whitley,* 110 Conn. 108, 113–15, 147 A. 370 (1929)." *Finley* v. *Aetna Life & Casualty Co.,* 202 Conn. 190, 202–203, 520 A.2d 208 (1987).

We note that no interrogatories were submitted to the jury, nor were any special defenses filed by the defendant. While the defendant's general denial of the allegation in the plaintiff's complaint that the defendant had breached his statutory duty does not alone trigger the general verdict rule; *Hall* v. *Burns,* 213 Conn. 446, 484–85 n.9, 569 A.2d 10 (1990); his denial of the plaintiff's assertion that she gave written notice, and the submission of that issue to the jury, do implicate the general verdict rule. See *Finley* v. *Aetna Life & Casualty Co.,* 202 Conn. 190, 520 A.2d 208 (1987).

"The application of the general verdict rule . . . does not depend on the niceties of pleading but on the distinctness and severability of the claims and defenses raised at trial." Id., 203. "[I]t is the distinctness of the defenses raised, and not the form of their pleading, that is the decisive test governing the applicability of the general verdict rule. *Meglio* v. *Comeau,* 137 Conn. 551, 553–54, 79 A.2d 187 (1951). 'If the defenses are clearly distinct, the fact that one has not been specially pleaded . . . will not prevent the application of the rule.' *Royal Homes, Inc.* v. *Dalene Hardwood Flooring Co.* [151 Conn. 463, 466, 199 A.2d 698 (1964)] . . . ." Id., 203–204.

The defendant's answer disavowed two obligatory claims raised by the plaintiff's complaint. The defendant's denials presented the jury with two distinct and severable defenses—one dealing with the defendant's breach of his statutory duty and one dealing with whether notice was given and, if so, whether the notice given was statutorily sufficient. The plaintiff concedes that it is the jury's responsibility to determine "as a matter of fact whether the notice was a sufficient guide, under the circumstances, to the defendant's inquiries," and that the jury was correctly allowed to determine this issue once the court determined "as a matter of

law whether the written notice contains all the necessary elements prescribed by the statute."

"Ordinarily, the question of the adequacy of notice 'is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case.' *Morico* v. *Cox*, 134 Conn. 218, 223, 56 A.2d 522 (1947). Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice 'patently meets or fails to meet'; id.; the statutory requirements." *Zotta* v. *Burns,* 8 Conn. App. 169, 173, 511 A.2d 373 (1986). In the present case, the trial court left the question of the validity of the statutory notice to the jury.

Because no interrogatories were submitted to the jury, we cannot determine on what basis the jury reached its conclusion and must presume that the jury found both issues in favor of the defendant, namely, that the defendant did not breach his statutory duty and that the defendant did not receive the statutorily mandated notice. Any error by the trial court as to the issue of notice, therefore, becomes harmless under the general verdict rule. Accordingly, we conclude that the verdict for the defendant must be sustained.

The judgment is affirmed.

In this opinion the other judges concurred.