VICKI S. CURRY *v.* J. WILLIAM BURNS,
COMMISSIONER OF TRANSPORTATION
(14551)

PETERS, C. J., CALLAHAN, BORDEN, BERDON and KATZ, Js.

Argued February 8—decision released June 15, 1993

*James H. Lee,* for the appellant (plaintiff).

*Raymond J. Plouffe, Jr.,* for the appellee (defendant).

*Neil W. Sutton* filed a brief for the Connecticut Trial Lawyers Association as amicus curiae.

BORDEN, J. The dispositive issue of this appeal is the continued viability of the application of the general verdict rule to the denial of factually distinct elements of a single cause of action, as previously articulated by this court in *Finley* v. *Aetna Life & Casualty Co.,* 202 Conn. 190, 201–204, 520 A.2d 208 (1987). The plaintiff appeals, upon our grant of certification, from the judgment of the Appellate Court; *Curry* v. *Burns,* 27 Conn. App. 439, 606 A.2d 731 (1992); affirming the judgment of the trial court upon the ground that the general verdict rule precluded appellate consideration of her claims of trial court error. We now reverse.

The plaintiff, Vicki S. Curry, brought this action against the defendant, the commissioner of transportation, pursuant to General Statutes § 13a-144,[1] for

---

[1] General Statutes § 13a-144 provides: "DAMAGES FOR INJURIES SUSTAINED ON STATE HIGHWAYS OR SIDEWALKS. Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair, or by reason of the lack of any railing or fence on the side of such bridge or part of such road which may be raised above the adjoining ground so as to be unsafe for travel or, in case of the death of any person by reason of any such neglect or default, the executor or administrator of such person, may bring a civil action to recover damages sustained thereby against the commissioner in the superior court. No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner. Such action shall be tried to the court or jury, and such portion of the amount of the judgment rendered therein as exceeds any amount paid to the plaintiff prior thereto under insurance liability policies held by the state shall, upon the filing with the comptroller of a certified copy of such judgment, be paid by the state out of the appropriation for the commissioner for repair of highways; but no costs

injuries allegedly incurred as a result of a defective highway. The case was tried to a jury. At trial, the defendant denied both that: (1) he had breached his statutory duty to maintain the highway; and (2) the plaintiff had given proper notice as required by § 13a-144. Id., 441. No interrogatories were submitted to the jury, which returned a general verdict in favor of the defendant. Id., 441–42. The trial court denied the plaintiff's motion to set aside the verdict, and rendered judgment for the defendant on the verdict.

On appeal to the Appellate Court, the plaintiff raised claims only with respect to the statutory notice issue. She claimed that the trial court had improperly: (1) quashed two subpoenas; (2) redacted the statutory notice given by the plaintiff; and (3) failed to instruct the jury as requested. Id., 440. The Appellate Court declined to address the plaintiff's claims because it concluded, in justified reliance upon the general verdict rule as articulated and applied in *Finley*, that any such error would have been harmless. Accordingly, the Appellate Court concluded that the trial court's judgment must be affirmed. Id., 443.

or judgment fee in any such action shall be taxed against the defendant. This section shall not be construed so as to relieve any contractor or other person, through whose neglect or default any such injury may have occurred, from liability to the state; and, upon payment by the comptroller of any judgment rendered under the provisions of this section, the state shall be subrogated to the rights of such injured person to recover from any such contractor or other person an amount equal to the judgment it has so paid. The commissioner, with the approval of the attorney general and the consent of the court before which any such action is pending, may make an offer of judgment in settlement of any such claim. The commissioner and the state shall not be liable in damages for injury to person or property when such injury occurred on any highway or part thereof abandoned by the state or on any portion of a highway not a state highway but connecting with or crossing a state highway, which portion is not within the traveled portion of such state highway. The requirement of notice specified in this section shall be deemed complied with if an action is commenced, by a writ and complaint setting forth the injury and a general description of the same and of the cause thereof and of the time and place of its occurrence, within the time limited for the giving of such notice."

We granted certification on the following issue: "Does the denial of an allegation of the furnishing of a required statutory notice constitute a clearly distinct defense for purposes of the general verdict rule?" *Curry* v. *Burns,* 223 Conn. 904, 610 A.2d 176 (1992). We conclude that our decision in *Finley* unduly broadened the general verdict rule and that, therefore, that portion of *Finley* concerning the application of the general verdict rule should be overruled. Accordingly, the judgment of the Appellate Court, which was based upon that portion of *Finley,* must be reversed, and the case remanded to the Appellate Court for consideration of the plaintiff's claims.

As it has generally been understood, and to the extent that it is not in dispute in this case, "[t]he so-called general verdict rule provides that, if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party. *Stone* v. *Bastarache,* 188 Conn. 201, 204, 449 A.2d 142 (1982); *Colucci* v. *Pinette,* 185 Conn. 483, 489, 441 A.2d 574 (1981). The rule applies whenever a verdict for one party could reasonably be rendered on one or more distinct causes of action; see *Matthews* v. *F.M.C. Corporation,* 190 Conn. 700, 706, 462 A.2d 376 (1983); or distinct defenses. See *Royal Homes, Inc.* v. *Dalene Hardwood Flooring Co.,* 151 Conn. 463, 466, 199 A.2d 698 (1964). A party desiring to avoid the effects of the general verdict rule may elicit the specific grounds for the verdict by submitting interrogatories to the jury. Alternatively, if the action is in separate counts, a party may seek separate verdicts on each of the counts. *Ziman* v. *Whitley,* 110 Conn. 108, 113–15, 147 A. 370 (1929). *Finley* v. *Aetna Life & Casualty Co.,* [supra, 202–203]." (Internal quotation marks omitted.) *Curry* v. *Burns,* supra, 27 Conn. App. 441 n.3.

In *Finley*, the plaintiff filed a one count complaint for breach of an employment contract, raising two principal claims: (1) that a contract existed; and (2) that the defendant's termination of the plaintiff's employment constituted a breach. The defendant's answer denied both claims, placing them both in issue. *Finley* v. *Aetna Life & Casualty Co.*, supra, 201. No interrogatories were submitted to the jury, which returned a general verdict for the defendant. Id. On appeal, the plaintiff attacked only the trial court's instructions on the first claim. We held that the general verdict rule precluded our consideration of the plaintiff's claims regarding the instructions and required that the judgment of the trial court rendered upon the general verdict be affirmed. Id., 204.

We acknowledged in *Finley* that the general verdict rule does not apply if "a plaintiff submits to the jury several different specifications of negligent conduct in support of a single cause of action for negligence . . . ." Id., 203. The rationale for declining to apply the rule in such a situation "is that 'the various grounds of negligence alleged are often so interlocked as to make it difficult to consider them separately,' and formulating interrogatories to obtain separate findings on the various claims would 'complicate the work of court, jury and counsel.' *Ziman* v. *Whitley*, supra, 115." Id., 203. We also acknowledged, however, that where a plaintiff submits separate causes of action to a jury, the general verdict rule does apply, "whether or not the claims are pleaded in separate counts. [*Ziman* v. *Whitley*, supra,] 116–17 . . . ." Id.

We reasoned in *Finley* that "[t]he application of the general verdict rule, however, does not depend on the niceties of pleading but on the distinctness and severability of the claims and defenses raised at trial." Id. "[I]t is the distinctness of the defenses raised, and not the form of the pleading, that is the decisive test

governing the applicability of the general verdict rule. *Meglio* v. *Comeau,* 137 Conn. 551, 553–54, 79 A.2d 187 (1951). 'If the defenses are clearly distinct, the fact that one has not been specially pleaded . . . will not prevent the application of the rule.' *Royal Homes, Inc.* v. *Dalene Hardwood Flooring Co.,* supra, 466; accord *LaFleur* v. *Farmington River Power Co.,* 187 Conn. 339, 342, 445 A.2d 924 (1982); *Harry A. Finman & Son, Inc.* v. *Connecticut Truck & Trailer Service Co.,* 169 Conn. 407, 410, 363 A.2d 86 (1975)." *Finley* v. *Aetna Life & Casualty Co.,* supra, 203–204. Under this analysis, the defendant's denial of both the plaintiff's claims—existence of a contract, and a breach thereof—"presented the jury with distinct and severable defenses to the plaintiff's claims." Id., 204. Because the plaintiff had not requested interrogatories "in order to obtain separate jury findings on the [two] controverted issues," the general verdict rule applied, precluding consideration of the plaintiff's claims of error regarding the trial court's instructions on whether a contract existed, and the "verdict for the defendant [had to] be sustained." Id.

Against this background, the plaintiff in this case argues that: (1) *Finley* notwithstanding, for purposes of the general verdict rule mere denials are not "distinct defenses"; and (2) in the alternative, the "defenses" in this case were interlocked and, therefore, *Finley* is distinguishable. See *Hall* v. *Burns,* 213 Conn. 446, 484–85 n.9, 569 A.2d 10 (1990) (in action under § 13a-144, denial of both defect in highway and that defect was proximate cause not distinct and severable defenses for purposes of general verdict rule). The defendant responds that his denial of both the highway defect claimed by the plaintiff and the adequacy of the statutory notice given by her raised distinct and severable defenses, and that, therefore, the Appellate Court properly applied the general verdict rule. The amicus

curiae, The Connecticut Trial Lawyers Association, argues that: (1) the defendant's denial did not raise distinct and severable defenses; and (2) in the alternative, we should overrule *Finley*.[2]

We agree with the defendant that his denial at trial of the claims that he had failed to perform his statutory duty to maintain the highway, and that the plaintiff had given him adequate statutory notice, raised separate and distinct factual issues such that, under *Finley*, the general verdict rule would apply. We agree with the plaintiff and the amicus, however, that *Finley* extended the general verdict rule farther than is wise, and that it should therefore be overruled.

## I

The general verdict rule has deep roots in our jurisprudence. It was first articulated by Chief Justice Swift in 1817: "[I]t may be remarked, that though in *England* the rule has prevailed, that where there are several counts in a declaration, and a general verdict is found, if any of the counts are bad, the verdict shall be set aside, because it cannot be known, that the damages were not assessed on the bad counts; yet in this state the practice has been different; and it has ever been considered to be the rule, that if any of the counts are good, it shall be presumed the damages were assessed on those counts, and the verdict shall stand. . . . The most eminent jurists in *England* have lamented that the rule was ever established there; as verdicts have often been set aside upon mere techni-

---

[2] Although the plaintiff, in her main brief, came close to requesting that we overrule *Finley* v. *Aetna Life & Casualty Co.*, 202 Conn. 190, 520 A.2d 208 (1987), she did not specifically make such a request. In her reply brief, however, she joined the amicus' request that we do so.

The amicus also suggests that we abandon the general verdict rule altogether. In view of our conclusion that *Finley* should be overruled, and in view of the limited scope of the certified issue in this case, we decline to consider this suggestion.

cal objections. As we have experienced no inconvenience from our practice, it would be strange for us to alter it, and borrow a rule from a country where its existence has been regretted. In a case where there are good and bad counts in a declaration, if the defendant wishes to question the sufficiency of any of them, verdicts can be taken on each count separately, which will give him an opportunity: and unless such reason should exist, it will be found most convenient, in practice, to allow the verdict to be given, generally, on all the counts, where they are for the same thing." (Emphasis in original.) *Wolcott* v. *Coleman,* 2 Conn. 324, 337–38 (1817).

The rule rests on the sound policy of conservation of judicial resources, at both the appellate and trial levels. On the appellate level, the rule relieves an appellate court from the necessity of adjudicating claims of error that may not arise from the actual source of the jury verdict that is under appellate review. In a typical general verdict rule case, the record is silent regarding whether the jury verdict resulted from the issue that the appellant seeks to have adjudicated. Declining in such a case to afford appellate scrutiny of the appellant's claims is consistent with the general principle of appellate jurisprudence that it is the appellant's responsibility to provide a record upon which reversible error may be predicated. See, e.g., *McLaughlin* v. *Bronson,* 206 Conn. 267, 277–78, 537 A.2d 1004 (1988).

In the trial court, the rule relieves the judicial system from the necessity of affording a second trial if the result of the first trial potentially did not depend upon the trial errors claimed by the appellant. Thus, unless an appellant can provide a record to indicate that the result the appellant wishes to reverse derives from the trial errors claimed, rather than from the other, independent issues at trial, there is no reason to spend the judicial resources to provide a second trial.

## II

With this background in mind, we turn to the plaintiff's claims that the general verdict rule, as articulated in *Finley,* does not apply in this case because: (1) mere denials by the defendant do not constitute distinct defenses for purposes of the general verdict rule; and (2) the defenses in this case were interlocked. These claims in effect raise the issue that we certified, namely, whether the denial of an allegation of statutory notice pursuant to § 13a-144 constitutes a distinct defense for purposes of the general verdict rule. We conclude that, contrary to the plaintiff's arguments, *Finley* does control and that, under *Finley,* the general verdict rule would apply.

In *Finley,* we applied the general verdict rule to the defendant's denial of two factually distinct elements of the plaintiff's cause of action: the existence of a contract and the defendant's breach thereof. The *Finley* defendant's denial of these two factual issues raised no less "distinct and severable defenses to the plaintiff's claims"; *Finley* v. *Aetna Life & Casualty Co.,* supra, 204; than did the defendant's denial in this case of the plaintiff's claims that (1) she furnished the defendant with a proper notice pursuant to § 13a-144, and (2) the defendant breached his duty of care regarding the maintenance of the highway. Put another way, the denial in this case by the defendant of these two issues, on both of which the plaintiff bore the burden of persuasion, raised factual issues that were no less distinct and severable, and no more factually interlocked, than the two factual issues in *Finley.*

Given the viability of both *Finley* and *Hall,* however, we would be constrained to apply *Finley* rather than *Hall.* It is true that, as the plaintiff points out, we held in *Hall* v. *Burns,* supra, that the defendant's denial of

the plaintiff's claim, in an action under § 13a-144, of both a highway defect and proximate cause did not invoke the general verdict rule. Analytically it is difficult to reconcile *Hall* v. *Burns,* supra, with *Finley,* because it is difficult to see why the issue of whether there was a highway defect is not factually distinct and severable from the issue of whether that defect caused the plaintiff's injuries. See infra. That is the analysis we employed in *Finley.* It is arguable, however, that the issues in *Hall* v. *Burns,* supra, are more like the factually interlocked issues of different specifications of negligence; see *Ziman* v. *Whitley,* 110 Conn. 108, 147 A. 370 (1929); than they are like the totally distinct issues of statutory notice and highway defect.

## III

We turn, therefore, to the suggestion of the plaintiff and the amicus that we reexamine *Finley.* Having done so, we conclude that *Finley* extended the reach of the general verdict rule beyond appropriate bounds, and that, to the extent that *Finley* applied the rule to the denial of elements of a single cause of action,[3] it should be overruled.

The history of the rule is illuminating. As noted above, this court first applied it, in *Wolcott* v. *Coleman,* supra, to preclude appellate consideration of the defendant's claims of error following a general verdict for the plaintiff on a multicount complaint of the plaintiff. Thereafter, in *Ziman* v. *Whitley,* supra, in an opinion

---

[3] We do not use the phrase "elements of a single cause of action" in any technical sense. We recognize, for example, that in this case the plaintiff's obligation to establish statutory notice may be characterized as a jurisdictional requirement, at least under some circumstances; see, e.g., *Lauer* v. *Zoning Commission,* 220 Conn. 455, 462, 600 A.2d 310 (1991); rather than as a substantive element of her cause of action under General Statutes § 13a-144. We use the phrase, instead, in the more general sense of any factual issue that the plaintiff must establish before the jury, either by itself or as part of some other factual issue.

by Justice William Maltbie, we traced the evolution of the rule from 1817; *Wolcott* v. *Coleman,* supra; to 1929.

We had theretofore applied the rule to cases, like *Wolcott,* in which there had been a general verdict for the plaintiff on a multicount complaint, and to cases in which two distinct defenses, namely, payment and the statute of limitations, had been raised. *Ziman* v. *Whitley,* supra, 113. The application of the rule to cases involving different counts of the complaint and separate defenses continued. Id., 113–14. The rule had also been applied in cases in which there had been only a one count complaint but in which various grounds of recovery had been claimed. Id., 114.

In *Ziman,* however, we recognized that "[t]he increasing frequency of cases in which appeal is made to the rule and the desirability of a definitive statement of its proper application and limitations have led us to re-examine it." Id., 114. We also recognized that "[i]t is not easy for counsel and the court to frame [interrogatories] properly in the hurry of the trial and couched as they almost necessarily must be in technical language, separated from the explanations contained in the charge, they may well be stumbling blocks in the way of a jury." Id., 115.

We thus recognized that, although the general verdict rule applies on appeal to preclude consideration of certain claims, it has a definite effect on the trial. It requires trial counsel to anticipate its application on appeal in the event that the verdict will be adverse to the client's case, and to frame for approval by the trial court appropriate interrogatories that will insulate the verdict on appeal from the application of the rule. Furthermore, it requires the trial court to examine such interrogatories and to submit to the jury only interrogatories that will enlighten, rather than confuse, the jury in its deliberations. This process, moreover, of neces-

sity ordinarily takes place in the brief period of time between the end of the presentation of evidence, on the one hand, and the final arguments and jury instructions, on the other hand. Thus, although the rule has significant benefits, as outlined above, it also imposes costs on the trial court and the parties.[4]

We attempted, therefore, to outline relatively definite parameters for the proper application of the rule. Because separate allegations of negligence are often interlocked, applying the rule to such allegations "would . . . complicate the work of court, jury and counsel." *Ziman* v. *Whitley*, supra, 115. At the same time, "[w]here a complaint is properly divided into separate counts," and "where in an answer separate defenses are properly pleaded," the rule would apply. Id. Similarly, "where in a complaint or answer, although separate counts or defenses are not stated, reliance is placed upon grounds of action or defenses which are distinct, not because they involve specific sets of facts forming a part of the transaction but in the essential basis of the right relied upon," the rule would apply. Id. An example of this latter case would be if "a cause of action for wanton misconduct and one for negligence are stated in the complaint in a single count." Id., 116.

This was to be contrasted, however, to a case in which "different specifications of fact are alleged in support of one essential right," in which case the rule would not apply. Id. Thus, the court in *Ziman* overruled, as contrary to "sound policy," cases in which it had previously applied the rule to such different specifications

---

[4] Indeed, in a recent case, highly experienced trial counsel and a highly experienced trial judge nonetheless encountered the difficulty of formulating appropriate interrogatories in the turmoil of a hotly contested and complicated dental malpractice trial, resulting in what the trial judge characterized as the jury's being " 'hopelessly confused.' " *Robbins* v. *Van Gilder*, 225 Conn. 238, 247, 622 A.2d 555 (1993).

of fact. Id. Finally, the court in *Ziman* suggested forms of verdicts to be used in cases in which an answer contained both a general denial or denials and admissions, and a special defense. Id., 115–16.

After *Ziman,* therefore, the rule could fairly be said not to apply to the denial of separate factual allegations made in support of a single cause of action. It could fairly be said to apply, however, to four situations: (1) denial of separate counts of a complaint; (2) denial of separate defenses pleaded as such; (3) denial of separate legal theories of recovery or defense pleaded in one count or defense, as the case may be; and (4) denial of a complaint and pleading of a special defense. This was the state of the law until its refinement in *Knight Realty Co.* v. *Caserta,* 126 Conn. 162, 10 A.2d 597 (1939).

In *Knight Realty Co.,* the complaint alleged that the plaintiff, a real estate broker engaged by the defendants to sell certain real estate, had secured a buyer ready, willing and able to purchase the property on terms agreeable to the defendants, and that the defendants had thereafter refused to sell the property. Id., 168. The defendants filed a general denial. Id. As the case was tried, however, two principal issues were presented: (1) whether the defendants had offered to sell the property on the terms to which the prospective purchasers agreed; and (2) if the defendants had so offered, whether they had withdrawn that offer and, if so, whether that withdrawal occurred before or after the plaintiff had procured the prospective purchaser. Id., 166.

We then revisited the issue of the proper contours of the general verdict rule. We again acknowledged "the practical difficulties which might result in the absence of a definitive statement of the situations where the rule would apply and the danger of confu-

sion in the issues presented should interrogatories be required where the issues to be determined are not clearly defined." Id., 167. Recognizing that applying the rule to "various grounds of defense admissible under mere denials of a complaint would be to produce the very evils we were seeking to avoid, as regards complaints, by our decision in *Ziman* v. *Whitley*, [supra]," we concluded that the rule "should not be applied to grounds advanced to defeat the claimed cause of action which are admissible under mere denials of facts alleged in the complaint." *Knight Realty Co.* v. *Caserta*, supra. We also concluded, however, that the rule "should be applied between such matters [i.e., grounds admissible under mere denials,] and matters which are *or should be* specially pleaded or upon two or more defenses of the latter class." (Emphasis added.) Id., 167–68.[5]

*Knight Realty Co.*, therefore, added to the four categories outlined in *Ziman* a fifth category of cases for the application of the general verdict rule: if, under a general denial, a ground of defense had been asserted, as the case was tried, that should have been specially pleaded. This category for the application of the rule was further illustrated in *Royal Homes, Inc.* v. *Dalene Hardwood Flooring Co.*, 151 Conn. 463, 199 A.2d 698 (1964).

In *Royal Homes, Inc.*, the plaintiff claimed in its complaint that the defendant had negligently caused a fire in a dwelling house that the plaintiff was constructing. The defendant filed a general denial. As the case was tried, however, the defendant advanced two defenses: (1) the fire was not caused by negligence; and (2) any negligence was that of an independent contractor hired

---

[5] Applying this analysis, we concluded that, because the defendants' claim that the offer had been withdrawn was a matter in avoidance that should have been specially pleaded, the general verdict rule applied. *Knight Realty Co.* v. *Caserta*, 126 Conn. 162, 168, 10 A.2d 597 (1939).

by the defendant, for whom the defendant was not liable. The jury returned a general verdict for the defendant. Id., 466.

On appeal, this court declined to review the plaintiff's claims that the trial court improperly instructed the jury regarding the independent contractor defense. Relying on *Knight Realty Co.* v. *Caserta,* supra, 168, we stated: "If the defenses are clearly distinct, the fact that one has not been specially pleaded, *though it should have been,* will not prevent the application of the [general verdict] rule." (Emphasis added.) *Royal Homes, Inc.* v. *Dalene Hardware Flooring Co.,* supra, 466.[6] This was the state of our law until our decision in *Finley* v. *Aetna Life & Casualty Co.,* supra.

In *Finley,* as noted above, we applied the general verdict rule to a general denial of the plaintiff's one count complaint in which he had claimed that (1) a contract existed between him and the defendant, and (2) the defendant had breached the contract. To reiterate, we stated: "[I]t is the distinctness of the defenses raised, and not the form of their pleading, that is the decisive test governing the applicability of the general verdict rule. *Meglio* v. *Comeau,* 137 Conn. 551, 553–54, 79 A.2d 187 (1951). 'If the defenses are clearly distinct, the fact that one has not been specially pleaded . . . will not prevent the application of the rule.' *Royal Homes, Inc.* v. *Dalene Hardwood Flooring Co.,* supra, 466; accord *LaFleur* v. *Farmington River Power Co.,* 187 Conn. 339, 342, 445 A.2d 924 (1982); *Harry A. Finman & Son, Inc.* v. *Connecticut Truck & Trailer Service Co.,* 169

---

[6] Because the two grounds of defense—lack of negligence, and independent contractor—asserted by the defendant under its general denial were distinct, and because under Practice Book (1963) § 120 the defense of independent contractor should have been specially pleaded, the general verdict rule applied to preclude appellate consideration of the plaintiff's claims. *Royal Homes, Inc.* v. *Dalene Hardwood Flooring Co.,* 151 Conn. 463, 199 A.2d 698 (1964). The current Practice Book provisions regarding such pleading requirements are §§ 160, 163, 164 and 167.

Conn. 407, 410, 363 A.2d 86 (1975)." *Finley* v. *Aetna Life & Casualty Co.*, supra, 203–204. On the basis of this analysis, we applied the general verdict rule, because the defendant, under its general denial of the plaintiff's single count complaint, had controverted both of the plaintiff's principal claims—existence of a contract, and a breach thereof—thus presenting "the jury with distinct and severable defenses to the plaintiff's claims." Id., 204.

We now conclude, however, that the analysis we employed in *Finley* was flawed. Several considerations lead us to that conclusion.

First, *Finley's* quotation from *Royal Homes, Inc.*, omitted what theretofore had been regarded as a significant limitation on the application of the general verdict rule. Whereas in *Royal Homes, Inc.*, we stated that "[i]f the defenses are clearly distinct, the fact that one has not been specially pleaded, *though it should have been,* will not prevent the application of the rule"; (emphasis added) *Royal Homes, Inc.* v. *Dalene Hardwood Flooring Co.*, supra, 466; in *Finley* we substituted ellipses for the italicized phrase.[7] That italicized phrase, however, was significant, because it was that phrase that incorporated the fifth category of cases for the application of the rule that had been added by *Knight Realty Co.* That phrase also served to differentiate the *application* of the rule, in a case involving a general denial followed by ground of defense that should have been specially pleaded, from the *nonapplication* of the rule, in the usual case involving a general denial of separate factual allegations of a complaint. It was that differentiation, moreover, that was designed to mini-

[7] " 'If the defenses are clearly distinct, the fact that one has not been specially pleaded . . . will not prevent the application of the rule.' *Royal Homes, Inc.* v. *Dalene Hardwood Flooring Co.*, [151 Conn. 463, 466, 199 A.2d 698 (1964)]." *Finley* v. *Aetna Life & Casualty Co.*, 202 Conn. 190, 204, 520 A.2d 208 (1987).

mize the risk to which we had referred in *Knight Realty Co.*: "[T]o apply the rule concerning a general verdict to various grounds of defense admissible under mere denials of a complaint would be to produce the very evils we were seeking to avoid, as regards complaints, by our decision in *Ziman* v. *Whitley,* [supra]." *Knight Realty Co.* v. *Caserta,* supra, 167.

Second, the authorities on which *Finley* relied for its broad and flexible formulation of the rule do not support that formulation. Indeed, all of those authorities involve either a ground of defense that should have been specially pleaded but was litigated under a general denial; *Royal Homes, Inc.* v. *Dalene Hardwood Flooring Co.,* supra; or a denial of the allegations of the complaint and a separately pleaded special defense; *LaFleur* v. *Farmington River Power Co.,* supra (denial of negligence and special defense of contributory negligence); *Harry A. Finman & Son, Inc.* v. *Connecticut Truck & Trailer Service Co.,* supra (denial of allegation of contract and special defense of unenforceability for lack of mutuality).

Third, experience has shown that the *Finley* formulation eliminates a degree of certainty regarding when the rule will apply that is necessary for the guidance of trial counsel and the trial court. In *Hall* v. *Burns,* supra, an action under General Statutes § 13a-144 for injuries allegedly caused by a highway defect, we declined to apply the rule to a general denial of allegations that the highway was defective and that the defect was the proximate cause of the plaintiff's injuries. In doing so, we distinguished *Finley* on the ground that, unlike *Finley,* the defendant's claims were not distinct and severable but were "mere denials of components of the only cause of action the plaintiff has alleged." *Hall* v. *Burns,* 213 Conn. 446, 484–85 n.9, 569 A.2d 10 (1990).

Upon reflection, we find that distinction unsatisfactory. It is true that, as in *Finley*, the issues of whether there was a contract and whether such a contract was breached are factually and legally distinct. They are no more distinct, however, than, as in *Hall* v. *Burns, supra*, the issues of whether a highway was defective and whether such a defect was the proximate cause of the plaintiff's injuries. The issue of whether a highway was defective would ordinarily center around the physical condition of the highway at the time of the accident and the reasonableness of the highway commissioner's conduct, or lack thereof, with respect to that condition. See *Cohen* v. *Hamden*, 27 Conn. App. 487, 607 A.2d 452 (1992). The issue of whether such a defect proximately caused the plaintiff's injuries would ordinarily center around the nature of those injuries and around whether the injuries claimed by the plaintiff derived from the accident in question or from some preexisting physical condition. We can see no principled difference between these inquiries, on the one hand, and the inquiries we deemed to be separate and distinct in *Finley*, on the other hand.

This conflict between the application of the general rule in *Finley* and its nonapplication in *Hall* v. *Burns, supra*, highlights the flaws in the *Finley* formulation. The appropriate use of the general verdict rule in our jurisprudence requires a substantial degree of certainty as to when it applies and when it does not. Otherwise, trial counsel, in the hurry of the trial, may be forced to err on the side of prudence by requesting interrogatories whenever there are factually distinct issues that have been litigated, even though those issues stem solely from denials of different factual allegations of the complaint.

In sum, we conclude that the formulation and application of the general verdict rule in *Finley* imposes more costs on the trial of cases than the benefits it

bestows. By blurring the relatively clear prior parameters of the rule, it diminished the necessary degree of certainty required at the trial level, thus rendering the already difficult task of trial management, by court and counsel, unnecessarily burdensome. To the extent, therefore, that *Finley* expanded the application of the general verdict rule beyond its prior parameters, as explained herein, it is overruled.

Those prior parameters, which we now affirm, limit application of the rule to the following scenarios: (1) denial of separate counts of a complaint; (2) denial of separate defenses pleaded as such; (3) denial of separate legal theories of recovery or defense pleaded in one count or defense, as the case may be; (4) denial of a complaint and pleading of a special defense; and (5) denial of a specific defense, raised under a general denial, that had been asserted as the case was tried but that should have been specially pleaded.

It follows from this analysis that the application of the rule by the Appellate Court in this case, based as it was on *Finley*, is no longer proper. The defendant's denial of the plaintiff's claims of liability and proper statutory notice by the plaintiff falls squarely within the rubric of a denial by the defendant of separate factual allegations in support of a single cause of action. The general verdict rule does not apply. The case must therefore be remanded to the Appellate Court for consideration of the plaintiff's claims.

The judgment of the Appellate Court is reversed and the case is remanded to that court for further proceedings consistent with this opinion.

In this opinion CALLAHAN, BERDON and KATZ, Js., concurred.

PETERS, C. J., dissenting. In 1987, this court unanimously decided to invoke a functional rather than a

pleadings oriented test for the applicability of the general verdict rule. I am unpersuaded that anything other than a change in the composition of this court has intervened to provide a justification for overruling *Finley* v. *Aetna Life & Casualty Co.*, 202 Conn. 190, 520 A.2d 208 (1987), and I therefore respectfully dissent.

Stare decisis is not an end in itself. If a decision reflects a public policy that is no longer viable, we should not adhere to a precedent in " 'blind imitation of the past.' " *Brunswick* v. *Inland Wetlands Commission*, 222 Conn. 541, 555, 610 A.2d 1260 (1992). As a general rule, however, stare decisis serves the important function of preserving stability and certainty in the law. Recognizing the importance of these fundamental values to an ordered system of jurisprudence, we have often acknowledged that "a court should not overrule its earlier decisions unless the most cogent reasons and inescapable logic require it. Maltbie, Conn. App. Proc., p. 226." *Herald Publishing Co.* v. *Bill,* 142 Conn. 53, 62, 111 A.2d 4 (1955); see also *State* v. *Somerville,* 214 Conn. 378, 384–85, 572 A.2d 944 (1990); *White* v. *Burns,* 213 Conn. 307, 335–36, 567 A.2d 1195 (1990). This is not such a case.

If we are to continue to have a general verdict rule, the issue of its applicability in this case lends itself to precisely the kind of functional analysis that we endorsed in *Finley* v. *Aetna Life & Casualty Co.,* supra. That analysis was by no means a revolutionary departure from past rulings on this subject. *Finley* relied on *Meglio* v. *Comeau,* 137 Conn. 551, 553–54, 79 A.2d 187 (1951), in which this court described the Connecticut general verdict rule as follows: "If there is no error in the instructions as to one of two distinct defenses, a general verdict for the defendant should be sustained. . . . To qualify under this definition, the defenses must be distinct. That is the decisive test." (Citations omitted.)

Applying the test of *Meglio* and *Finley* in the circumstances of this case establishes that the parties were at issue about two independent and distinct defenses. From the outset of the pleadings, the defendant has denied its liability to the plaintiff on two grounds: the absence of any breach in the defendant's duty to maintain the highway and the insufficiency of the statutory notice that General Statutes § 13a-144 required the plaintiff to provide to the defendant. The factual issues underlying these two defenses have no significant evidentiary overlap. In accordance with our precedents, the general verdict rule should apply to bar a retrial that may well result in another defendant's verdict.

The majority criticizes this result because it hypothesizes the difficulty of crafting "interrogatories that will enlighten, rather than confuse, the jury in its deliberations." Without challenging the wisdom of this observation in general, I do not understand how it applies in the circumstances of this case. It denigrates the professional skill of competent counsel to suggest their inability to draft interrogatories that would have informed the jury that it should make two separate findings, one concerning breach and the other concerning notice. Furthermore, because these independent and distinct defenses were raised in the initial pleadings, the record does not support the majority assumption that appropriate interrogatories could not have been drafted well in advance of the close of trial. If there are practical difficulties that flow from *Meglio* v. *Comeau*, supra, and *Finley* v. *Aetna Life & Casualty Co.*, supra, this case does not demonstrate them. In the absence of "cogent reasons and inescapable logic," we should adhere to precedent.

The general verdict rule unquestionably has its admirers and its detractors. Having created it, this court undoubtedly has the authority to abolish it. Until we determine that abolition is appropriate, we should

apply the rule functionally. That was the holding of *Meglio* v. *Comeau,* supra, and *Finley* v. *Aetna Life & Casualty Co.,* supra, from which we should not cavalierly depart.

Accordingly, I respectfully dissent.