[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On April 6, 1998, the plaintiff, David L. Hancock, filed a revised seven count complaint against the defendants, The Stop 
Shop Companies, Inc. (Stop Shop) and Jack Boynton, a Stop 
Shop employee, seeking damages stemming from the termination of his employment by Stop Shop on November 4, 1998. Counts one, two and three of the plaintiff's revised complaint, which are the subject of the motion to strike presently before the court, allege wrongful discharge, breach of contract and breach of the implied covenant of good faith and fair dealing, respectively.
On June 9, 1998, the defendants[1] filed a motion to strike counts one, two and three. Stop Shop moves to strike count one on the ground that the plaintiff is foreclosed from bringing a common law claim for wrongful discharge in violation of the state's public policy prohibiting discrimination in light of his available statutory remedies. Stop Shop moves to strike count two on the ground that the plaintiff has failed to allege facts that would give rise to an implied or express contract between the parties to support the plaintiff's breach of contract claim. Stop Shop moves to strike count three on the ground that the plaintiff's claim for breach of the covenant of good faith and fair dealing is precluded by his available statutory remedies.
As required by Practice Book § 10-42, the defendant filed a memorandum in support of its motion to strike, and the plaintiff timely filed a memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[F]or the CT Page 15433 purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). Moreover, "[t]he court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997).
The plaintiff alleges in count one of his complaint that the defendant's conduct "constitutes a wrongful discharge . . . in violation of the public policies of the State of Connecticut prohibiting discrimination in the work place." (Complaint, count one, ¶ 18) The defendant moves to strike this count on the ground that the plaintiff is foreclosed from bringing a common law claim for wrongful discharge in violation of the state's public policy prohibiting discrimination because statutory remedies for the discrimination are available to the plaintiff. The defendant argues that the Connecticut Fair Employment Practices Act (CFEPA), General Statutes § 46a-60(a), provides an independent cause of action for employment discrimination, and the plaintiff's failure to pursue this statutory cause of action bars him from seeking remedies under a common law theory for the same alleged conduct. The plaintiff argues in opposition that the existence of a statutory remedy does not prevent a plaintiff from pursuing common law remedies where an administrative remedy would be unavailable or inadequate.
"[T]he doctrine of wrongful discharge . . . provides a common law cause of action in tort for wrongful discharge `if the former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy.'" (Emphasis in original.) Tomlinsonv. Board of Education, 226 Conn. 704, 729, 629 A.2d 333 (1993), quoting Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471,475, 427 A.2d 385 (1980). "A finding that certain conduct contravenes public policy is not enough by itself to warrant the creation of a contract remedy for wrongful dismissal by an employer. The cases which have established a tort or contract remedy for employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated." (Internal quotation marks omitted.) Atkins v. Bridgeport Hydraulic Co., 5 Conn. App. 643, CT Page 15434 648, 501 A.2d 1223 (1985).
Causes of action for wrongful termination based on discriminatory employment practices are, however, also provided for in the CFEPA. General Statutes § 46a-60. "Read in its entirety, the CFEPA not only defines important rights designed to rid the work place of discrimination, but also vests first-order administrative oversight and enforcement of these rights in the CHRO. It is the CHRO that is charged by the act with the initial responsibility for the investigation and adjudication of claims of employment discrimination." Sullivan v. Board of PoliceCommissioners, 196 Conn. 208, 216, 491 A.2d 1096 (1985).
Because the plaintiff in the present case has an adequate remedy through the CFEPA, he cannot state a cause of action for wrongful discharge, and the defendant's motion to strike count two must be granted. See Barton v. Conex International, Superior Court, judicial district of Danbury, Docket No. 325146 (October 30, 1997, Stodolink, J.), and cases cited therein.
Although some Superior Court decisions have declined to strike claims for wrongful discharge where the court determines that the statutory remedy is inadequate; see e.g., Wall v. WausauInsurance Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 343381 (August 19, 1994, Hadden, J.) (12 Conn. L. Rptr. 335); Mirto v. Laidlaw Transit, Superior Court, judicial district of New Haven, Docket No. 334231 (April 26, 1993, Stanley, J.) (9 Conn. L. Rptr. 19); this court aligns itself with those decisions that bar a claim for wrongful discharge when a statutory remedy exists, regardless of the scope of that remedy. See Good v. Goodway Technologies Corp., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 325462 (September 27, 1996 Hartmere, J.), and cases cited therein.
The defendant moves to strike count two of the revised complaint on the ground that the plaintiff fails to state a claim for breach of contract because the revised complaint "fails to set forth facts that would give rise to an implied or express contract between the parties but for cursory mention of an employee handbook." The plaintiff argues in opposition that the employee handbook and the defendant's disciplinary policies give rise to a contractual commitment on the part of the defendant.
"In the absence of definitive contract language . . . the determination of what the parties intended to encompass in their CT Page 15435 contractual commitments is a question of the intention of the parties, and an inference of fact. . . . [W]hether the defendant's personnel manual [gives] rise to an express contract between the parties [is] a question of fact properly to be determined by the jury. . . ." (Citations omitted, internal quotation marks omitted) Finley v. Aetna Life Casualty Co.,202 Conn. 190, 199, 520 A.2d 208 (1987), overruled on other grounds,225 Conn. 782, 626 A.2d 719 (1993); see also Gurliacci v. Mayer,218 Conn. 531, 567, 590 A.2d 914 (1991); Tremaine v. Tremaine,235 Conn. 45, 57, 663 A.2d 337 (1995).
The plaintiff alleges in count two that the defendant "published an employee handbook containing its policies and procedures regarding conduct and discipline in the work place, together with its policies with respect to harassment and discrimination" and that the defendant's conduct constituted a breach of the contract between the plaintiff and defendant as set forth in the defendant's employee handbook. The plaintiff has alleged sufficient facts to sustain a cause of action in contract; the question of whether the defendant's employee manual gives rise to an express contract is a question of fact for the jury. Therefore the defendant's motion to strike count two is denied.
The defendant moves to strike count three of the revised complaint on the ground that available statutory remedies preclude the plaintiff's claim for breach of the implied covenant of good faith and fair dealing. The defendant argues that the plaintiff has failed to allege facts that indicate that his employment relationship with the defendant established any relationship other than employment at will. The defendant further argues that Connecticut courts do not permit at-will employees to bring a claim for covenant of good faith violations unless they have no other legal recourse available and that the plaintiff did have available recourse, a claim under federal and state statutes prohibiting discrimination. The plaintiff argues in opposition that because the plaintiff has alleged a violation of an express and/or implied contract, he need not allege facts showing that the defendant violated any important public policy.
"Superior court cases and district court cases have fairly consistently held . . . that neither a wrongful discharge nor a breach of implied covenant claim are available where . . . the plaintiff has adequate statutory remedies through which the alleged public policy violations can be enforced . . . See e.g., CT Page 15436Napoleon v. Xerox Corp., 656 F. Sup. 1120, 1125 (D. Conn. 198),Kelsey v. Sheraton Corp., 662 F. Sup. 10, 14 (D. Conn. 1986). . . . Also see Santanella v. SNET Co., 10 CLT No. 20 at 11 (Dupont,J.), Glassover v. Audiotronics, Inc., 10 CLT No. 20 at 17)." (Internal quotation marks omitted.) Faulkner v. SikorskyAircraft, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 525080 (April 6, 1994 Corradino, J.) (11 Conn. L. Rptr. 256).
In Lavallee v. Container Graphics Corp., Superior Court, judicial district of Tolland (June 28, 1991, Dunn, J.) (4 Conn. L. Rptr.), however, the court denied the defendant's motion to strike the third count of the plaintiff's complaint, which claimed breach of the implied covenant of good faith and fair dealing. The plaintiff had alleged that an express or implied contract existed between the parties based on the provisions of the defendant's policy manual. The defendant moved to strike that count on the ground that it was insufficient because the plaintiff had not alleged any conduct by the defendant which violated an important public policy nor claimed the existence of some special fiduciary relationship between the parties. The court held that "[t]he plaintiff has alleged facts sufficient to state a cause of action for breach of an express or implied contract of employment and the implied covenant of good faith and fair dealing contained therein based upon the provisions of the defendant's policy manuals. Accordingly, since the plaintiff has alleged that he was employed pursuant to a contract, not that his employment was terminable at will, the plaintiff need not allege facts showing the defendant violated any important public policy or that a special fiduciary relationship existed in order to state a legally sufficient claim." Id., 260. In the present case, the plaintiff has alleged in count three only that the defendant "published an employee handbook containing its policies and procedures regarding conduct and discipline in the work place, together with its policies with respect to harassment and discrimination." There is no allegation in this count that this handbook constituted a contract between the parties such that the reasoning of the court in Lavalle could be said to apply.
Furthermore, the plaintiff alleges in count three that the conduct of the defendant constituting the breach of the covenant of good faith "was in contravention of the public policy of the State of Connecticut prohibiting discrimination in the work place." As noted in Faulkner our courts have held that a breach of implied covenant claim is not available where an adequate CT Page 15437 statutory remedy exists. As previously discussed with regard to count one, the plaintiff has an adequate statutory remedy through CFEPA, and the defendant's motion to strike count three is granted.
Howard F. Zoarski Judge Trial Referee