[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#104)
The plaintiff, Kenneth Harrop, brought a three-count complaint, dated September 25, 1998, for breach of an express contract CT Page 3871 (count one), breach of an implied contract (count two) and negligent infliction of emotional distress (NIED) (count three) against the defendant, Allied Printing Services, Incorporated. The defendant moves for summary judgment as to all three counts of the complaint. The defendant moves for summary judgment on counts one and two on the grounds that direct precedent prevents the plaintiff from relying on the defendant's employee handbook and any "custom or practice" to support breach of contract claims in this case. The defendant moves for summary judgment as to count three on the grounds that directly relevant precedent precludes the plaintiff from relying on either the defendant's alleged failure to use progressive discipline before discharging the plaintiff or any other factual aspect of this case to support a claim for negligent infliction of emotional distress. Pursuant to Practice Book § 17-45, the plaintiff has submitted a memorandum in opposition.
The plaintiff was hired by Allied on May 16, 1988 as a manager. (Complaint, ¶ 3.) The plaintiff alleges that beginning in September of 1997 a series of incidents took place during the plaintiff's tenure with Allied, such events culminating with the plaintiff being fired on April 1, 1998. (Complaint, ¶¶ 4-20.) The plaintiff alleges that he was fired for leaving work early on the night of March 31, 1998. (Complaint, ¶ 20.) His absence evidently resulted in key information being missed by the supervisor on the next shift, and because this information was missed Allied was caused embarrassment. (Harrop deposition, p. 182.) The plaintiff contends, however, it was his custom to occasionally leave his shift early because of his lengthy commute; (Harrop deposition, pp. 174-177); and that his supervisors were well aware of this custom and allowed it to continue. (Complaint, ¶¶ 22-23.) Finally, the plaintiff alleges that he was promised by the defendant that he would not be terminated abruptly; (Complaint, ¶ 27.); and instead the plaintiff expected the company to follow the procedures outlined in the company handbook as well as the customs and practices that were then in place. (Complaint, ¶¶ 24-34.)
The standards that the court must apply in deciding a motion for summary judgment are well established. "Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, CT Page 3872 the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v. Double A Transportation, Inc.,248 Conn. 21, 24, 727 A.2d 204 (1999).
The defendant first argues that it is entitled to summary judgment because the commitments that the plaintiff relies on to support his contractual claims in counts one and two are found in the employee handbook, and as such cannot be used by the plaintiff to support his claims. The defendant contends that direct precedent prevents an employee from relying on an employee handbook for contracting purposes if the handbook has a specific disclaimer stating that the handbook is not meant to be perceived or interpreted as creating a contract between the employee and employer. See Finley v. Aetna Life Casualty Co., 202 Conn. 190,199 n. 5, 520 A.2d 208 (1987), overruled on other grounds by Curryv. Burns, 225 Conn. 782, 626 A.2d 719 (1993); Schain v. BlueCross Blue Shield of Connecticut, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 349216 (October 21, 1996, Zoarski, J.T.R.).
The plaintiff argues that the defendant pursued a practice of progressive discipline with all employees and that the plaintiff relied on this custom during his course of employment, with such reliance creating an express or implied contract. Further, the plaintiff contends that an officer of the company made representations to him during his employment negotiations that his future with Allied was secure.
There is no question that the handbooks involved in the instant case had the requisite disclaimers. (See Exhibits 3-4 of Memorandum in Support of Motion for Summary Judgment.) There is a significant question, however, as to exactly what representations Allied made to the plaintiff either during the employment negotiations, when he was hired or during his initial days of work at Allied before the plaintiff was ever provided an employee handbook. This question is one of fact, and therefore inappropriate for summary adjudication. CT Page 3873
The plaintiff has alleged sufficient facts and provided adequate supporting evidence to demonstrate that a genuine issue of material fact remains. The motion for summary judgment as to counts one and two is denied.
As to count three, the defendant argues that the plaintiff cannot establish his claim for negligent infliction of emotional distress (NIED) by relying on the allegation that he was discharged from his employment without adequate prior warnings. The plaintiff argues, however, that the combination of his being demoted to a different position at a lower pay rate, being reinstated to his old position after the demotion but with the lower rate remaining in effect, being required to work long hours seven days a week and the fact that he sought out his superiors to obtain a remedy to his strenuous work situation and was brushed aside all add up to a valid NIED claim.
In order to prevail on a claim of NIED, "the plaintiff must prove that `the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm.'" Ancona V. Manafort Brothers, Inc.,56 Conn. App. 701, 713, ___ A.2d ___ (2000); see also Montinieri v. SouthernNew England Telephone Co., 175 Conn. 337, 345, 398 A.2d 1180
(1978). The defendant contends that no cause of action for NIED arises outside of the termination process. The defendant relies on Parsons v. United Technologies Corp. , 243 Conn. 66,700 A.2d 655 (1997), and Pavliscak v. Bridgeport Hospital,48 Conn. App. 580 (1998), cert. denied, 245 Conn. 911, 718 A.2d 17 (1998), asserting that because there was no unreasonable behavior in the termination process itself, the plaintiff has no cause of action. See Parsons v. United Technologies Corp. , supra, 88; Pavliscak v.Bridgeport Hospital, supra, 597. The facts here, however, are distinguishable from the facts in those cases and, in the opinion of this Court, do not prevent a claimant from bringing an action for NIED in an employment context but outside of the termination process.
Support for this position can be found in Karanda v. Pratt Whitney Aircraft, Superior Court, judicial district of Hartford, Docket No. 582025 (May 10, 1999, Hale, J.T.R.), which also stands for the proposition that a claim for NIED can arise within the employment context but without the termination process. As theKaranda court noted, "[f]ailing to recognize a cause of action for negligent infliction of emotional distress in the CT Page 3874 non-termination employment context would lead to the anomalous result of precluding an employee from receiving compensation for emotional distress suffered at the hands of employers; compensation that was certainly available under the Workers' Compensation Act prior to P.A. 93-228. The defendant cites to no authority providing policy reasons for departing from the recognition of a cause of action, as established under Montinieriv. Southern New England Telephone Co., 175 Conn. 337, 345,398 A.2d 1180 (1978), for negligent infliction of emotional distress.
"Based upon the effects of P.A. 93-228 and the intent of the legislature in passing that act, the court can reasonably conclude that the Supreme Court would permit a negligent infliction of emotional distress claim against an employer when no termination is alleged. The circumstances of the present case make Parsons, a wrongful termination case, distinguishable."Karanda v. Pratt Whitney Aircraft, supra, Superior Court, Docket No. 582025.
The plaintiff has presented sufficient evidence that genuine issues as to material fact remain as to whether he was treated unreasonably by the defendant during his employment, therefore, summary judgment is denied as to count three.
In conclusion, the motion for summary judgment is denied in its totality.
Hennessey, J.