[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE COUNTS FOUR AND FIVE
Evelyn Jeffers, the executrix of the estate of Charles CT Page 7094 Jeffers, sues Peabody International Corp. ("PI" and Peabody New England, Inc. ("PNE") for the wrongful death of her decedent. The plaintiff alleges the following facts.
The decedent was employed by PNE as a laborer to work on the reconstruction of Route 8. PI and the State of Connecticut entered into a contract for the performance of the construction work. PI "engaged" PNE to "perform and/or oversee and supervise" the work. (Complaint dated August 9, 1990; line missing from applicable complaint). While working on the Commodore Hull Bridge on Route 8, the decedent fell and suffered injuries that resulted in his death. In the seven count amended complaint dated January 30, 1991, the plaintiff sues the defendants based on negligence and recklessness theories of liability.
The defendant PI moves to strike counts four and five of the complaint, which asserts a total of six counts against it. In count four, the plaintiff alleges that PI is vicariously liable for the intentional conduct of PNE in failing to use safety nets or cables in connection with the construction work. In count five, the plaintiff alleges that PI is vicariously liable for the negligent acts of PNE and any one or more of the other contractors.
PI argues in its memorandum that counts four and five do not state legally sufficient claims because PI cannot be vicariously liable to an employee of an independent contractor such as PNE. The plaintiff argues in her opposition memorandum that she has not alleged that PNE is an independent contractor and that the case relied upon by PI is not controlling.
"The motion to strike is used to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). "[W]e assume the truth of the facts alleged and construe them in the light most favorable to sustaining the sufficiency of the complaint." Bouchard v. People's Bank, 219 Conn. 465, 467, 594 A.2d 1 (1991).
"The defense of independent contractor, under our modern rules of pleading, should be specially pleaded." Felsted v. Kimberly Auto Services, Inc., 25 Conn. App. 665, 671,596 A.2d 14 (1991). See also Connecticut Practice Book 164; Royal Homes, Inc. v. Dalene Hardwood Flooring Co., 151 Conn. 463,466, 199 A.2d 698 (1964). The defendant's argument in support of striking counts four and five is predicated on the characterization of the defendant's relationship as being that of principal employer and independent contractor.
Since it is not apparent from the facts alleged in the CT Page 7095 plaintiff's complaint that PI's "engagement" of PNE created an independent contractor relationship, defendant has employed the wrong vehicle to accomplish this. Therefore, PI should plead the independent contractor relationship as a special defense. Consequently, the defendant's motion to strike courts four and five should be and is hereby denied.
L. SCOTT MELVILLE, JUDGE