[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Ann and Frank Janowicz, have filed a nine count complaint in breach of contract, negligence, negligent and intentional misrepresentation, negligent and intentional infliction of emotional distress, unjust enrichment, violation of the Home Improvement Act, and violation of CUTPA, against the defendant, Clark Construction of Ridgefield, Inc. The plaintiffs allege in their complaint that they hired the defendant to make renovations to their residence to accommodate Frank Janowicz, who is a senior citizen and a recent amputee. The plaintiffs further allege that the work done by the defendant was unsatisfactory and untimely. The defendant filed its answer and three special defenses, alleging negligence in its first special defense: that it is not responsible for damage caused by independent contractors in its second special defense: and that the CUTPA claim is legally insufficient in its third special defense.
The plaintiffs then filed a motion (#112) to strike the defendant's second and third special defenses on the grounds that alleging independent contractor liability is inconsistent with the plaintiffs' complaint, and that legal insufficiency may not be raised as a special defense.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of [the pleading] . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]. The court must construe the facts in the [pleading] most favorably to the [nonmoving party]." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . It does not include, however, the legal conclusions or opinions stated in the [pleading] . . . ." S.M.S. Textile v. Brown,Jacobson, Tillinghast, Lahan and King, P.C., 32 Conn. App. 786,796, 631 A.2d 340 (1993). "If facts provable in the [pleading] would support a cause of action, the motion to strike must be CT Page 2086 denied." Id. "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc.,
supra, 224 Conn. 215. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465, 472-73,604 A.2d 814 (1992).
The plaintiffs argue that the defendant's second special defense, which alleges that it is not responsible for damage attributable to independent contractors, is not a proper special defense because the complaint does not allege that any work was done by independent contractors. The defendant argues that an independent contractor defense is valid in Connecticut.
Although the plaintiffs have alleged that the defendant was hired to perform the construction work, such an allegation does not foreclose the possibility that the defendant hired independent contractors. In other words, alleging that the defendant was the general contractor is not logically equivalent to alleging that there was no independent contractor. Therefore, the defendant's independent contractor defense is consistent with the allegations of the complaint. Moreover, the Appellate Court has stated that "[t]he defense of independent contractor, under our modern rule of pleading, should be specially pleaded." Felsted v. Kimberly AutoServices, Inc., 25 Conn. App. 665, 671, 596 A.2d 14 (1991); see also Royal Homes, Inc. v. Dalene Hardwood Flooring, Co., 151 Conn. 463,466, 199 A.2d 698 (1964). Accordingly, the plaintiff's motion to strike the defendant's second special defense is denied.
Regarding the third special defense, in which the defendant alleges that the plaintiffs' CUTPA claim is legally insufficient, the plaintiffs argue that legal insufficiency is not a proper special defense, instead it must be raised by a motion to strike.
In Scan Associates, Inc. v. Civitello Building Co.,10 Conn. L. Rptr. 646 (March 7, 1994, Hodgson, J.), the court determined that it was not the burden of the defendant to correct deficiencies in the plaintiff's pleadings by a motion to strike, or otherwise, and therefore the only way the defendant can put the plaintiff on notice that a claim is insufficient is by means of a special defense. Id., 647. Moreover, alleging legal insufficiency is consistent with the facts alleged by the plaintiff, but it "demonstrate[s], nonetheless that the plaintiff has no cause of CT Page 2087 action." Grant v. Bassman, supra, 221 Conn. 472-73. Accordingly, the plaintiff's motion to strike the defendant's third special defense is denied.
So Ordered.
Dated at Stamford, Connecticut this 15th day of March, 1995.
WILLIAM BURKE LEWIS, JUDGE