MICHAEL HANLON *v.* JOAN STETTBACHER
(5254)

DUPONT, C. J., STOUGHTON and FOTI, Js.

Argued November 4, 1987—decision released March 8, 1988

*Michael P. Farrell,* for the appellant (plaintiff).
*Stanley E. Parese,* for the appellee (defendant).

DUPONT, C. J. The plaintiff appeals from the judgment rendered for the defendant after a jury returned a general verdict for the defendant.

The jury could reasonably have found certain facts. The plaintiff rented a lakefront cottage, which included a raised diving platform with a diving board, from the defendant for a week. The plaintiff was injured when he struck the bottom of the lake after diving from the board. The plaintiff testified that prior to the dive he had consumed between eight to ten beers as well as one or two multiliquor "punch drinks." The plaintiff further testified that he executed the dive in the dark, without ever having checked the depth of the water.

The plaintiff alleged in his complaint that the accident was a result of the defendant's negligence in maintaining the diving board in a hazardous condition, and failing to warn him of the shallowness of the water. The defendant denied being negligent and, by way of a special defense, alleged that the plaintiff was contributorily negligent. Neither party requested interrogatories to be presented to the jury for the purpose of explaining or limiting the general verdict. Practice Book § 312. It must be presumed, therefore, that the jury found every issue for the defendant. *LaFleur* v. *Farmington River Power Co.,* 187 Conn. 339, 342, 445 A.2d 924 (1982).

The plaintiff claims that the trial court erred (1) in failing to instruct the jury that the defendant's state of mind was irrelevant to the standard of care owed by the defendant to the plaintiff, (2) in admitting into evidence a movie of the diving board in use thirty years prior to the accident, and (3) in admitting testimony concerning prior use of the diving board.

"[A] general verdict must stand if the jury could have found for the defendant on any one of the material issues it had to decide." *Murteza* v. *State,* 7 Conn. App. 196, 202, 508 A.2d 449, cert. denied, 200 Conn. 803, 510 A.2d 191 (1986). Where a jury has returned a general verdict for a defendant, it is impossible to know whether the case was resolved on the basis of the plaintiff's failure to prove the case against the defendant or on the basis of the defendant's successful assertion of a special defense. *Sanderson* v. *Steve Snyder Enterprises, Inc.,* 196 Conn. 134, 142 n.5, 491 A.2d 389 (1985); *Stone* v. *Bastarache,* 188 Conn. 201, 204, 449 A.2d 142 (1982).

"The defendant's denial of negligence and [her] allegation of contributory negligence constitute two separate and distinct defenses, either one of which could support the jury's general verdict." *LaFleur* v. *Farmington River Power Co.,* supra, 342. "If 'the court's instructions are shown to be proper and adequate as to any one of the defenses raised, the general verdict will stand irrespective of any error in the charge as to the others.' " Id., 343.

The claimed error in the charge related to the proof necessary for the plaintiff to prevail on his case against the defendant, and was irrelevant to the issue of whether the plaintiff was contributorily negligent. Since the jury is presumed, as a consequence of its general verdict, to have found for the defendant on her special defense of contributory negligence, the claimed error in the charge relating to the defendant's negligence need not be considered. *LaFleur* v. *Farmington River Power Co.,* supra, 343.

The plaintiff's two remaining claims of error involve evidentiary rulings. Both claims of error relate only to the negligence of the defendant. Neither error relates to evidence concerning the contributory negligence of

the plaintiff. The evidence admitted was not admitted because of its dual relevancy to the negligence of the defendant and the contributory negligence of the plaintiff. See *Sanderson* v. *Steve Snyder Enterprises, Inc.,* supra. Since the operation of the general verdict rule raises the presumption that the jury found that the plaintiff was more than 50 percent contributorily negligent, the claimed errors relating to the allegedly erroneous admission of evidence relating to the defendant's negligence need not be considered.

There is no error.

In this opinion the other judges concurred.