THERESA A. CADRAIN *v.* KENT CONDOMINIUMS, INC., ET AL.
(9419)

O'CONNELL, LAVERY and CRETELLA, Js.

Argued March 27—decision released May 7, 1991

*Kenneth John Laska,* for the appellant (plaintiff).

*Kenneth J. McDonnell,* for the appellee (named defendant).

*Michael J. O'Sullivan,* for the appellee (defendant Nanak's Seasonal Services, Inc.).

PER CURIAM. The plaintiff brings this appeal from a jury verdict rendered for the defendants. The action arises from the plaintiff's fall due to ice and snow in the parking area of the condominiums where the plaintiff resided. The plaintiff also brought suit against the corporation that performed the snow plowing services for the condominiums. In their answers, both defendants denied that they were negligent and alleged by way of special defense that the plaintiff was contributorily negligent. The plaintiff claims that the court improperly failed to charge the jury that General Statutes §§ 47-80 and 47-244 create a statutory duty of care, a violation of which would be actionable negligence. There is no merit to the plaintiff's claim that these statutes create such a duty. We need not address that claim, however. The plaintiff makes no claim relating to the court's charge on contributory negligence. Since the plaintiff made no attempt to submit interrogatories as permitted by Practice Book § 312, the general verdict of the jury in favor of the defendants creates a presumption that all of the issues were found for the defendants. *Hanlon* v. *Stettbacher,* 13 Conn. App. 571, 573, 538 A.2d 705 (1988).

The judgment is affirmed.