### NINA O'BRIKIS ET AL. *v.* SUPERMARKETS GENERAL CORPORATION (11867)

LANDAU, HEIMAN and SCHALLER, Js.

Argued January 14—decision released April 19, 1994

*Barry N. Silver,* with whom, on the brief, were *Alan E. Silver* and *Richard A. Thomas,* for the appellants (plaintiffs).

*Ronald G. Weller,* with whom was *John Stephen Papa,* for the appellee (defendant).

SCHALLER, J. The plaintiffs, Nina O'Brikis and Gerald O'Brikis, appeal from the judgment of the trial court rendered after a jury trial that culminated in a general verdict for the defendant, Supermarkets General Corporation doing business as Pathmark of Orange. On appeal, the plaintiffs contend that the trial court improperly refused to give their requested jury instruction on contributory negligence. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On the afternoon of August 29, 1986, the plaintiffs drove to the Pathmark in Orange to do their grocery shopping. The named plaintiff entered the store without her husband, who was detained at the entrance, and went to the meat department in the rear of the store. After a brief conversation with a friend, the named plaintiff realized that her husband was not yet in the store. She went to the front of the store through the produce aisle to look for her husband. She claimed that as she walked through the produce aisle she slipped and fell on some grapes and water, sustaining injuries.

On July 28, 1988, the plaintiffs filed a two count complaint alleging that the defendant was negligent in fail-

ing to remedy a dangerous and defective condition of grapes and water on the floor of the produce aisle. The plaintiffs alleged that the combination of grapes and water caused the named plaintiff to slip, fall and sustain knee injuries, and aggravated a preexisting arthritic condition, resulting in 5 percent permanent injury. In the second count, the plaintiff Gerald O'Brikis alleged that the injuries suffered by his wife have and will continue to render him liable for costly medical expenses. The defendant denied those allegations in its answer and asserted a special defense of contributory negligence. The jury returned a general verdict for the defendant and the court denied the plaintiffs' subsequent motion to set aside the verdict.

The plaintiffs bring this appeal contending that the trial court improperly refused to give their requested jury charge that the named plaintiff "had a right to assume that the floor was reasonably safe to walk upon, and until she knew or ought in the exercise of reasonable care to have known it was not, she was not charged with any duty to exercise special care. While she was proceeding down the produce aisle, she was warranted in directing her attention to the goods which the defendant had on display rather than to the floor, if she was acting as a reasonably prudent person would under the circumstances." Because we conclude that the general verdict rule governs, we need not address the plaintiffs' specific claim of instructional error.[1]

---

[1] Notwithstanding our conclusion that the general verdict rule is dispositive of this case, we note that the instructions to the jury on the law of contributory negligence were sufficient. In its charge to the jury, the trial court stated in part: "The plaintiff is under a duty to exercise the care which an ordinarily prudent person would use *under the circumstances* to avoid suffering injuries . . . . A person in order to use reasonable care . . . must make reasonable use of his or her senses and faculties and know and appreciate whatever facts a reasonably prudent person *under the circumstances* would know, see, and appreciate." (Emphasis added.)

The phrase "under the circumstances" in the instruction given by the trial court conveys the factors to be considered by the jurors in determin-

The general verdict rule provides that, where a jury returns a general verdict in favor of a party, and no party submits special interrogatories, an appellate court properly presumes that the jury found in favor of the prevailing party on every issue. *Curry* v. *Burns,* 225 Conn. 782, 786, 626 A.2d 719 (1993); see also *Finley* v. *Aetna Life & Casualty Co.,* 202 Conn. 190, 202, 520 A.2d 208 (1987); *Stone* v. *Bastarache,* 188 Conn. 201, 204, 449 A.2d 142 (1982); *Coluci* v. *Pinette,* 185 Conn. 483, 489, 441 A.2d 574 (1981); *Johnson* v. *Pagano,* 184 Conn. 594, 596, 440 A.2d 244 (1981); *Blancato* v. *Randino,* 33 Conn. App. 44, 47, 632 A.2d 1144 (1993). "The rule applies whenever a verdict for one party could reasonably be rendered on one or more . . . distinct defenses." (Citations omitted; internal quotation marks omitted.) *Curry* v. *Burns,* supra, 786; see also *Royal Homes, Inc.* v. *Dalene Hardwood Flooring Co.,* 151 Conn. 463, 466, 199 A.2d 698 (1964); accord *Finley* v. *Aetna Life & Casualty Co.,* supra, 203–204; *LaFleur* v. *Farmington River Power Co.,* 187 Conn. 339, 342, 445 A.2d 924 (1982).

In *Curry* v. *Burns,* supra, 225 Conn. 801, our Supreme Court limited the application of the general verdict rule to five categories: "(1) denial of separate counts of a complaint; (2) denial of separate defenses pleaded as such; (3) denial of separate legal theories of recovery or defense pleaded in one count or defense, as the case may be;

---

ing whether a patron in a supermarket ought to be found contributorily negligent. It is well settled that the question of reasonable care under the circumstances is a question for the jurors, to which we ask them to bring their common experiences to bear in assessing the wisdom of the plaintiff's action. See *Amendola* v. *Geremia,* 21 Conn. App. 35, 571 A.2d 131, cert. denied, 215 Conn. 803, 574 A.2d 217 (1990); *L'Heureux* v. *Hurley,* 117 Conn. 347, 168 A. 8 (1933). To charge the jury as the plaintiffs request, would, in fact, impermissibly invade the province of the jury. Furthermore, the common law duties of exercising reasonable care and being watchful of one's surroundings are entrenched in our law and we should be wary of departing from the wisdom of this course of action.

(4) *denial of a complaint and pleading of a special defense;* and (5) denial of a specific defense, raised under a general denial, that had been asserted as the case was tried but that should have been specially pleaded." (Emphasis added.)

This case falls squarely within the fourth category, "denial of a complaint and pleading of a special defense." In its answer, the defendant denied the allegations of negligence set forth in the complaint and raised a special defense of contributory negligence. Because it is unclear whether the general verdict reached by the jury was premised on a finding of an absence of negligence on the part of the defendant, or on a finding of contributory negligence on the part of the named plaintiff, the general verdict rule must be applied. Parties who want to preclude application of the general verdict rule may seek a special verdict on each count or "elicit specific grounds for the verdict by submitting interrogatories to the jury." *Curry* v. *Burns,* supra, 225 Conn. 785; see also *Pedersen* v. *Vahidy,* 209 Conn. 510, 514, 552 A.2d 419 (1989); *Ziman* v. *Whitley,* 110 Conn. 108, 113–15, 147 A. 370 (1929).

Furthermore, we reject the plaintiffs' contention that "the various grounds of negligence alleged are often so interlocked as to make it difficult to consider them separately and formulating interrogatories to obtain separate findings on the various claims would complicate the work of court, jury and counsel. *Ziman* v. *Whitley,* [supra, 110 Conn. 115]." (Internal quotation marks omitted.) *Curry* v. *Burns,* supra, 225 Conn. 787; *Finley* v. *Aetna Life & Casualty Co.,* supra, 202 Conn. 203. Rather, we conclude that the elements involved in establishing a cause of action exist apart from proof of contributory negligence; that is, the plaintiff must prove the existence of a dangerous and defective condition before the issue of causation is reached. Since

the plaintiffs made no attempt to submit interrogatories as permitted by Practice Book § 312, the general verdict in favor of the defendant creates a presumption that all of the issues were found in its favor. See *Cadrain* v. *Kent Condominiums, Inc.,* 24 Conn. App. 554, 555, 590 A.2d 475 (1991); see also *Hanlon* v. *Stettbacher,* 13 Conn. App. 571, 573, 538 A.2d 705 (1988). In any event, the general verdict rule precludes review of the plaintiffs' challenge to the instructions on contributory negligence where it is impossible to tell whether the jury verdict for the defendant was based on a finding of an absence of negligence on the part of the defendant, or on a finding of contributory negligence on the part of the plaintiff.

The judgment is affirmed.

In this opinion the other judges concurred.