[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court upon a motion for summary judgment raising an issue apparently of first impression: the legal status of an owner of a condominium unit for purposes of a claim of premises liability against the condominium association.
The defendant association has moved for summary judgment as to the plaintiff's claim for damages for injuries suffered on a stairway that is alleged to be part of the common area owned and maintained by the association. Specifically, the plaintiff claims CT Page 11696 to have fallen on a screwdriver left on the common stairwell. The association claims that the plaintiff was not an invitee but a mere licensee to whom the duty of care owed does not include a duty to inspect. The defendant claims to be entitled to judgment as a matter of law.
In his complaint, the plaintiff alleges that on or about November 16, 1989, he went out of the condominium unit owned by him into a stairway located in a common area that was under the care and control of the defendant (Complaint, paras. 5, 7, 8) and was caused to fall over a screwdriver that was negligently left on the stairs. The plaintiff alleges that the screwdriver was present on the stairs for a sufficient time to allow the defendant to be aware of its presence and remove it (Complaint, para. 11d).
Pursuant to Practice Book § 384, summary judgment "shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which entitle him to judgment as a matter of law. Suarez v.Dickmont Plastics Corp. , 229 Conn. 99, 105 (1994); D.H.R.Construction Co. v. Donnelly, 180 Conn. 430, 434 (1980).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . the test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted) Connell v. Colwell, 214 Conn. 242, 246-47 (1990).
While some states have abandoned the approach of recognizing different degrees of care owed to different categories of visitors on the land of another,[1] Connecticut still imposes different duties of care on landowners depending on the status of an injured party as a trespasser, licensee, or invitee. Morin v. Bell CourtCondominium Ass'n. Inc. 223 Conn. 323, 327 (1992); Corcoran v.Jacovino, 161 Conn. 462, 465 (1971); see D. Wright, J. Fitzgerald W. Ankerman, Connecticut Law of Torts (3d Ed.) § 47, p. 109. A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe.Warren v. Stancliff, 157 Conn. 216, 218 (1968). The duty owed by a possessor of land to a licensee, however, does not ordinarily encompass the responsibility to keep the property in a reasonably safe condition because the licensee must take the property as he CT Page 11697 finds it. Morin v. Bell Court Condominium Ass'n. Inc., 223 Conn. 327;Dougherty v. Graham, 161 Conn. 248, 251 (1971); Furstein v.Hill, 218 Conn. 610, 624 (1991).
The Appellate Court has rejected the claim that General Statutes §§ 47-80 and 47-244 create a statutory duty of care of condominium developments toward users of the premises. Cadrain v.Kent Condominiums. Inc., 24 Conn. App. 554 (1991); and it therefore appears that the status of condominium owners is to be decided according to the common law principles generally used to differentiate invitees from licensees.
Ordinarily, the status of one who sustains an injury while upon the property of another is a question of fact; however, where the facts essential to the plaintiff's status are not in dispute, a legal question is presented. Roberts v. Rosenblatt, 146 Conn. 110,112 (1959); Ward v. Avery, 113 Conn. 394, 396 (1932). There is no dispute that the plaintiff owned and resided in a condominium unit in the condominium development known as Harbour Landing and that the area where he claims to have been injured was part of the common area of the condominium development that was under the control of the defendant association, not under the control of any particular condominium unit owner.
The association asserts that the plaintiff in such a situation cannot be characterized as an invitee because his presence in the area of the common stairway did not confer an economic advantage to the association. Connecticut law does not support the argument that the category of invitee is so limited. Those who are invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land are characterized as business invitees. Connecticut Law of Torts, § 49; Restatement (Second) 2 Torts § 332. Pursuant to General Statutes § 52-557a, the standard of care owed to a social invitee is the same as the standard of care owed to a business invitee.
The defendant's insistence on the necessity of a showing that the plaintiff's presence is of direct economic benefit to the landowner is unwarranted. The driver of a bus load of students invited to a theater production at a private university was held to be correctly characterized as an invitee in Hoadley v. Universityof Hartford, 176 Conn. 669, 673 (1979). In that case, the Court defined invitees as "those who enter the premises to do business there and those who are there in furtherance of their own business which is directly or indirectly connected with any purpose, CT Page 11698 business or otherwise, for which it possesses or uses the land."id. Clearly, the presence of the bus driver was not economically advantageous to the defendant, nor was he directly issued any "invitation."
Pursuant to the Common Interest Ownership Act, General Statutes § 47-202 et seq., a condominium development is a legal entity in which a unit owner owns a particular part of the development and an association owns the stairways, hallways, grounds, parking lots and other areas denominated as common elements. The business of a condominium development can be said to be the residence and use of units and of common elements by unit owners. The plaintiff's occupancy of a unit reached by a stairway that was part of the common elements of the development, was a use connected with a business purpose of the condominium association as the possessor of that common area. It is therefore appropriate to recognize that a unit owner using the common elements of a condominium development is an invitee for purposes of premises liability.
In other states, the courts have analogized the unit owner's relationship with the condominium association to a tenant's relationship with a landlord with regard to the common areas. See,e.g., Moody v. Cawdrey Associates, 721 P.2d 708, 713 (Hawaii App. 1986); O'Connor v. Village Green Owners Ass'n., 662 P.2d 427 (Cal. 1983); Pratt v. Maryland Farms Condominium Phase 1, 402 A.2d 105
(Md.App. 1979). Such a standard involves the same duty of care as is owed to an invitee.
For all of the foregoing reasons, this court concludes that the plaintiff was an invitee as a matter of law, and that the defendant's motion, based as it is on the view that the plaintiff is a licensee, must fail.
The defendant further asserts that since all unit owners and members of the defendant association, the plaintiff may not assert a cause of action against the association. The defendant cites no authority for this proposition but dubs it "axiomatic."
While General Statutes § 47-75 limits the liability of a unit member for injuries arising in connection with the common elements to the owner's percentage interest in the common elements, General Statutes § 47-244 states clearly that it is the condominium association that may acquire, hold, regulate and maintain the common elements. The defendant association is identified as a CT Page 11699 corporation, by definition a separate entity from the individual unit members. Absent circumstances not claimed to be present here, there is no basis for ignoring the separate corporate existence of the defendant; SFA Folio Collections, Inc. v. Bannon, 217 Conn. 230
(1991); Angelo Tomasso, Inc. v. Armor Construction Paving,Inc., 187 Conn. 544, 577 (1982).
Conclusion
All remaining issues raised by the defendant present factual issues to be resolved by the trier of fact.
The motion for summary judgment is denied.
Beverly J. Hodgson Judge of the Superior Court