[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT (#176)
On November 16, 1994, the jury returned a verdict in favor of the defendant, Allstate Insurance Company on a claim brought by the plaintiff, Vicki Eykelhoff for uninsured motorist coverage. The plaintiff has filed a motion to set aside the verdict claiming in part:
1. Contrary to Law.
Over plaintiff's objections, defendant Allstate was permitted to have a special defense and jury charge concerning contributory negligence/assumption of the risk regarding the plaintiff's status as a passenger riding in a vehicle with a driver whom she knew, or should have known, to be intoxicated.
2. Against the Evidence.
The verdict was against the evidence as neither plaintiff nor defendant introduced any evidence concerning plaintiff's participation in drinking in terms of purchasing or providing CT Page 2675 alcohol for the tortfeasor. Nor was any testimony elicited that plaintiff observed anything indicating that she knew or should have been aware or was aware, that the tortfeasor was intoxicated. Nor was any testimony or evidence adduced that the plaintiff was aware of any of the tortfeasor's driving as she testified she was asleep during the ride. As such, there was no evidence, as alleged in defendant's fourth special defense, that plaintiff should have been charged with contributory negligence or assumption of the risk.
The defendant filed four special defenses — the first and fourth being relative to the issue on the motion to set aside.
First Special Defense.
On October 28, 1990, the plaintiff, Vicki Eykelhoff, was not a resident relative of Richard J. Eykelhoff's household at Trolane Road in Watertown, Connecticut. Therefore, plaintiff is not an insured or covered person under Richard Eykelhoff's Allstate policy and, thus, is not entitled to coverage.
Fourth Special Defense.
A substantial factor in the production of the plaintiff's injuries and damages was the plaintiff's own negligence in that the plaintiff, Vicki Eykelhoff, joined in, participated and/or provided alcoholic beverages to William Budris, the operator of the truck in which she was a passenger and thereby failed to exercise reasonable care for her own safety and, also assumed all the risks incident to voluntarily accepting a ride as a passenger knowing the intoxicated condition of the driver, William Budris.
The plaintiff in the above-referenced matter, was seeking underinsured motorist benefits under her father, Richard J. Eykelhoff's auto policy with Allstate claiming that she was injured as a result of a motor vehicle accident with an underinsured motorist. Furthermore, the plaintiff claimed that she was a resident relative insured under her father's auto policy and, thus, entitled to coverage. The pleadings, which were submitted to the jury, reflect that pursuant to a general denial, the defendant, Allstate, denied that the plaintiff, Vicki Eykelhoff, was a resident relative of Richard J. Eykelhoff's household at Trolane Road in Watertown, Connecticut. The defendant, Allstate, further denied that the plaintiff was an insured or covered person under Richard Eykelhoff's Allstate policy and, thus, entitled to coverage. CT Page 2676
Also pursuant to the Fourth Special Defense of Allstate's Amended Answer dated November 17, 1994, the defendant, Allstate alleged a special defense of contributory negligence. On November 17, 1994, after a trial to a jury, the jury returned a general verdict in favor of Allstate Insurance Company.
The defendant seeks a judgment on the verdict rendered by the jury after a trial pursuant to the general verdict rule.
 "The general verdict rule provides that, where a jury returns a general verdict in favor of a party, and no party submits special interrogatories, an Appellate Court properly presumes that the jury found in favor of the prevailing party on every issue. O'Brikis v. Supermarkets General Corp., 34 Conn. App. 148
(1994). (Further citations omitted). The rule applies whenever a verdict for one party could reasonably be rendered on one or more. . .distinct defenses." Id. at 151. (Further citations omitted.)
 . . .Parties who want to preclude the application of the general verdict rule, may seek a special verdict by submitting interrogatories to the jury." Id. at 152 citing Curry v. Burns, 225 Conn. 785; Pedersen v. Vahidy, 209 Conn. 510, 514
(1989); Ziman v. Whitely, 110 Conn. 108 (1929). Since the plaintiff made no attempt to submit interrogatories as permitted by Practice Book Section 312, the general verdict in favor of the defendant creates a presumption that all of the issues were found in its favor. Id. at 152-153 citing Cadrain v. Kent Condominiums, Inc., 24 Conn. App. 545-555 (1991); Hanlon v. Stettbacher, 13 Conn. App. 571, 573 (1988).
As far as the merits of the plaintiff's claims were conceded, assumption of risk is a proper claim to consider on the issue of contributory negligence. McKirdy v. Cascio, 142 Conn. 80. Likewise, whether the plaintiff was an insured person under her father's policy was a proper question for the jury to determine. The policy defined "insured person" as follows:
1) You and any resident relative.
Under the definition section of the policy, the policy provides:
DEFINITIONS:
CT Page 2677
 4) Resident — means the physical presence in your household with the intention to continue living there. Unmarried dependent children while temporarily away from home, will be considered residents if they continue to live in your household.
 5) You and Your — means the policy holder named on the declarations page and the policy holder's residence and spouse.
There was considerable evidence on this issue and there is no basis for the court to interfere with the jury's verdict.State v. Uretek, Inc. 207 Conn. 706, 710.
For the reasons set forth, the motion to set aside the verdict is denied.
PICKETT, J.