[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO SET ASIDE VERDICT
This case is based upon plaintiff's allegations, inter-alia, that on February 25, 1992, at approximately 7:00 p. m., the plaintiff was driving south in the right hand lane of I-91 in Windsor, Connecticut when she was struck by a truck owned by the defendant Truck Service, Inc. ("Truck Service") and operated by the defendant, Mary Ann West ("West") that was traveling southerly in the left lane of said highway and swerved into the right lane striking the plaintiff's automobile. A trial was held in November 1996, and on November 27, 1996, the jury returned a verdict in favor of the defendants.
The Motion To Set Aside The Verdict (hereinafter "Motion") is based upon the following grounds:
 1. That the court improperly permitted the defendants to amend their answer on November 26, 1996 while the plaintiff was in the process of final argument.[1]
 2. That the court failed to read the allegations of negligence contained the defendants' comparative negligence special defense during its charge to the jury, or, in the alternative, failed to submit the pleadings, including the defendants' special defense, to the jury.
 3. That the court failed to read the allegations of negligence contained in the plaintiff's complaint in its charge to the jury, or, in the alternative, failing to submit the pleadings to the jury. CT Page 3042
 4. That the verdict is against the law and against the uncontradicted evidence which established that the defendants' tractor trailer crossed into the plaintiff's lane of travel and collided with the side of the plaintiff's automobile.
These grounds will be addressed in that order.
1. " . . . the trial court is vested with broad discretion to allow a party to amend his pleadings at any time before, during or after trial. Practice Book § 176 . . . " citations omitted. Asherman v. State, 202 Conn. 429, 438 (1987). In the case at bar, the plaintiff, during final argument, mentioned that the claim for property damage had been resolved despite the court's specific instruction not to mention that. Defendants, after the jury had been excused, moved for a mistrial claiming that the jury would infer that it had been resolved in plaintiff's favor and that, therefore, liability had already been found in another forum. The court denied the motion for mistrial but gave a curative instruction. It was at that stage of the proceedings that defendants moved to amend paragraph two of their answer to conform to the proof. West had testified that although she was in the area and on the subject road at the time of the accident, she never left the left hand lane and was not aware of striking the plaintiff's car. When she reached her home base in North Carolina, she was notified of the plaintiff's claim through a message from the Connecticut State Police which had obtained her registration (license) number from the plaintiff. She further testified that she and her husband who had traveled with her but was sleeping when they were at the subject area then inspected the truck and could find no damage to it and no paint marks or anything else on the truck that would indicate it had been involved in a collision. Norris West, defendant West's husband also, testified to the same facts.
 The plaintiff's passenger, Jenny Kendrick, testified that the truck that hit them was traveling at 65-70 miles per hour, that the plaintiff never traveled in excess of 55 miles per hour, but nonetheless, plaintiff testified that she caught up to the defendant West. The jury could have construed this as impossible for the plaintiff to do or that there was inconsistency of testimony between plaintiff and Ms. Kendrick. The court, at the request of the plaintiff, did add to the charge that the defendants had originally admitted that this truck was involved CT Page 3043 in the accident but are now denying it. Plaintiff contends that in addition to the original answer, if she had known this point was contested, she would have introduced defendants' response to interrogatories # 4 attached to the plaintiff's motion. However, the court does not view this question and answer as a significant or unambiguous admission. Plaintiff further states that she could have produced the state trooper who took her complaint. However, all the trooper could have testified is that plaintiff drove to his position or office, explained what happened and furnished him with the license number. However, plaintiff testified to that, and it was obvious that she gave him the license number because that was the basis for the trooper contacting the defendants in North Carolina. In sum, the additional evidence the plaintiff claims could have been offered does not appear to the court to be very probative. In any event, when the amendment was made, the plaintiff could have moved to reopen the evidence, which the court might well have granted. However, no such motion was ever made. The court therefore, finds its actions in permitting the amendment to be a just and proper exercise of its discretion.
2. The second claim by the plaintiff is that the court did not read the comparative negligence special defense to the jury to show the jury the limitations of that special defense, i.e. that it did not include a claim that plaintiff had failed to "use reasonable care to promote recovery . . . " . However, if evidence was produced by defendants that showed a failure to mitigate damages, the plaintiff cites no objection made by her to the introduction of said evidence as being outside the pleadings. Further, the court's notes reflect that it did not give defendants' Request to Charge No. 6. If the court did, in fact, give it, it would have been based upon evidence of its being before the jury and if it were, it would have been without objection.
3. Plaintiff complains that the court failed to read the allegations of negligence in the complaint. The court did instruct the jury that plaintiff claimed defendants failed to keep a proper lookout and did instruct on the alleged violation of CGS § 14-232, and quoted directly from that statute. The court further instructed that plaintiff had alleged that the truck swerved into her lane hitting her car. It also instructed on reasonable care and on common law negligence. There is no obligation for the court to read all of the specific allegations to the jury nor to give the jury a copy of the pleadings. As a whole, the court believes and finds that the jury charge was CT Page 3044 ". . . correct in law, adapted to the issues and ample for the guidance of the jury". Nesbitt v. Mulligan, 11 Conn. App. 348, 354 (1987) cited by the plaintiff.
4. Plaintiff claims that " . . . the verdict . . . is against the law and against the uncontradicted evidence which established that the defendants' tractor trailer crossed into the plaintiff's lane of travel and collided with the side of the plaintiff's automobile." For the reasons stated previously, i.e. the testimony of defendant West and her husband and other testimony as aforesaid, the cited evidence was not uncontradicted. The jury could have believed defense witnesses and disbelieved plaintiff's witnesses. The issue of credibility is solely the province of the trier of fact, in this case the jury. Childs v. Bainer, 235 Conn. 107, 112 (1995). The jury could reasonably have found that the truck driven by West was not the truck that struck the plaintiff's car, or that it was the plaintiff who swerved into the left lane striking the truck.[2] Further, the jury could reasonably have found from the fact plaintiff waited nearly year to obtain treatment that her medical problems were not a result of the alleged accident.
It should be noted that the verdict was a general verdict with no interrogatories on any of the issues discussed or raised in the motion. "The general verdict rule provides that, where a jury returns a general verdict in favor of a party, and no party submits special interrogatories, an appellate court properly presumes that the jury found in favor of the prevailing party on every issue." O'Briskis v. Supermarkets General Corp.,34 Conn. App. 148, 151 (1995). "The rule applies whenever a verdict for one party could reasonably be rendered on one or more distinct causes of action." Curry v. Burns,225 Conn. 782, 786 (1993). With a general verdict, as in the case here, it would be pure speculation to decide whether the jury believed the accident didn't occur with the defendants or the injuries were not caused by the accident.
Finally, "In considering a motion to set aside the verdict, the Court must determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict." (Internal quotation marks omitted).Childs v. Bainer, 235 Conn. 107, 112 (1995). The court finds, under the above principle, that the evidence reasonably supports the jury's verdict. CT Page 3045
Accordingly, the Motion to Set Aside the Verdict is denied.
Rittenband, Judge