[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO SET ASIDE VERDICT
This case is based upon plaintiff's allegation that the defendant failed to honor a contract or policy of automobile liability insurance on which he and his wife Kathleen Staley were the named insureds. The policy listed as covered vehicles a 1988 Ford Bronco and a 1984 Ford F-150 pickup truck. On September 15, 1989, Michael and Kathleen Staley were divorced, and in the decree the plaintiff was to ". . . obtain his own insurance on his car within two weeks from today and wife shall cancel this coverage on her policy." The evidence showed that the wife at the request of the plaintiff gave him additional time to his own insurance. However, on October 11, 1989, Kathleen Staley called the debt and requested the deletion of Michael Staley's vehicle, the 1984 Ford F-150 pickup truck from the policy. The truck was deleted from the policy coverage, and subsequently, on January 30, 1989 the plaintiff was involved in an automobile accident while driving that truck. The plaintiff called Aetna and was told on a second telephone call that the truck was not covered. He was subsequently found liable on the automobile accident and a judgment was obtained against him in Massachusetts for some $27,000 which was settled upon a payment of $18,000 when the house that he and his wife had owned was sold and the proceeds taken from his share. The judgment had been rendered by default because the plaintiff never appeared and claimed that he had never received notice of the lawsuit. On February 13, 1998, the jury, in this case, rendered a verdict in favor of the plaintiff in the amount of $18,000 on the first count of the complaint sounding in breach of contract. The court had granted a directed CT Page 3615 verdict on the second count which claimed violation of the implied covenant of good faith and fair dealing.
In its motion to Set Aside the Verdict, defendant claims that this court was incorrect in denying his Motion in Limine which would have precluded evidence of the cancellation of the plaintiff's coverage under the policy. Defendant claimed that at most the deletion of the pickup truck and subsequent removal of the plaintiff as a named insured, although the latter occurred after the accident, was merely a modification and not a cancellation of the policy. The court based its ruling on its interpretation of C.G.S. § 38a-343 concluding that the defendant was required to give the named insured, namely the plaintiff, prior notice of the cancellation. The court interpreted the words "cancellation of policy" to include cancellation of the plaintiff's coverage under the policy stating that although the entire policy was not canceled in that Kathleen Staley still remained as a named insured and her vehicle, which was not in the accident, remained covered, the fact that the plaintiff's vehicle was deleted from the policy was a cancellation of his policy of insurance. The court further indicated that in its charge to the jury. Defendant disagreed with the court's ruling on this issue, and stated that the court's alleged error in this regard is a basis for setting aside the verdict. The court rejects this contention as it did during the trial. The court is comfortable with its original decision on its interpretation of the statute.
Defendant also claims that even if the referenced statute were applicable to this case, the defendant could not be found to have failed its requirements because even failing a notice to the plaintiff of cancellation the defendant would not be liable if the plaintiff had actual knowledge of the cancellation from another source. The court, however, in its charge stated in pertinent part: "At the same, you may also consider whether the plaintiff, Michael Staley, received actual notice of the deletion or cancellation of the coverage of his truck. In doing so, you may take into account the terms of the divorce judgment as to the insurance coverage. Also, he testified that at the time the notice was allegedly sent by Aetna he was no longer living at 14 Celtic Court, and that he had not given any notice to Aetna or to the post office to forward his mail from 14 Celtic Court or a change of address notification to either the post office or to Aetna." The court believes, therefore, that in the charge there, and in the charge taken as a whole, the jury could decide for the CT Page 3616 defendant if it believed that the plaintiff had actual notice. On this issue the court believes that the charge, taken as a whole. was balanced.[1]
Further, the court stated that Aetna claimed that this was merely a modification or change in the policy, and citing the language in the policy instructed the jury that the change or modification is not effective unless and until an endorsement, which is the same this as sending a new declaration page showing the change, is issued by, Aetna. The court then gave the jury the option to determine whether or not it was only a modification or change by saying "Accordingly, even if you consider this deletion of the vehicle from coverage a modification or change, there is still the requirement that Aetna notify the plaintiff of such change." The charge went on to say "If you find that the plaintiff was not properly notified of the change in the policy or cancellation of his interest as to the Ford truck, then on the issue of liability you must find for the plaintiff. If, on the other hand, you find that Aetna did properly notify the plaintiff or that the plaintiff had actual notice of the cancellation or modification and the effective date thereof then you may find for the defendant on the issue of liability." Taking the charge as a whole, the court believes that on these issues the charge was evenly balanced.
Defendant also claims that the recharging or re-reading of the charge on cancellation, which was requested by the jury, the court should also have then repeated the terms of the special defense. All the jury requested was a re-reading of the portion of the charge as to the cancellation. Whether to go beyond what is requested is in the discretion of the trial court.
Finally, the defendant claims that the verdict was contrary to the facts. However, it should be noted that the verdict was a general verdict with no interrogatories on any of the issues discussed or raised in the defendant's motion. "The general verdict rule provides that, where a jury returns a general verdict in favor or a party, and no party submits special interrogatories, an appellate court properly presumes that the jury found in favor of the prevailing party on every issue."O'Briskis v. Supermarkets General Corp. 34 Conn. App. 148, 151
(1995). With a general verdict, as in the case here, it would be pure speculation to decide the basis of the jury's decision, i.e. whether it determined that there was failure to notify on a cancellation of the plaintiff's insurance or whether there was a CT Page 3617 failure to notify on the modification or change in the plaintiff's insurance coverage. The only evidence of a notice being sent at all was a computer printout from Aetna. The witness from Aetna testified that it was the general custom to send out a declaration page based upon the computer printout, but Aetna did not keep a copy of the notice or declaration page and just assumed that it was mailed and that the information on the computer had been transmitted onto a formal declaration page. The witness admitted that she could not say for certain or specifically whether an endorsement has actually been sent. This is something the jury could have chosen to believe or disbelieve as to whether notice was actually sent. Further. in a general verdict there is no way of knowing how much weight, if any, the jury gave to the special defenses of the defendant.
Finally, "In considering a Motion to Set Aside the Verdict, the court must determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict." (Internal quotation marks omitted). Childsv. Bainer, 235 Conn. 107, 112 (1995). The court finds, under the above principle, that the evidence reasonably supports the jury's verdict.
For all of the foregoing reasons, the Motion to Set Aside the Verdict is denied.
Rittenband, J.